## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**CAROLINE HERRON,**

**Plaintiff,**

- versus -                                        **No.: 1:10-CV-00943-RMC**

**FANNIE MAE, *et al.*,**

**Defendants.**

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S DECEMBER 17, 2010 NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, by undersigned counsel, respectfully submit this response to the Notice of Sup-

plemental Authority ("Notice") [Dckt. # 26] submitted by Plaintiff Herron in support of her Oppo-

sition ("Opposition") to Defendants' Motion to Dismiss.  That Notice, like Herron's proposed ten

page surreply [Dckt. # 24] as Defendants previously argued [Dckt.  # 25], is improper, untimely,

unnecessary, and simply an attempt by Herron to submit additional argument in support of her Op-

position.  The Notice should be stricken, and Herron should be prohibited from filing further argu-

ment relating to the Motion to Dismiss.

Herron is clearly flouting the spirit, if not the letter, of Local Civil Rule 7, which spells out

the briefing permitted on a motion, *i.e.*, a memorandum in support of the motion, a brief in opposi-

tion to the motion, and a brief in reply to the opposition.  Herron's Opposition to the Motion to

Dismiss was forty-five pages long, the maximum number of pages permitted by Local Civil Rule 7.

In derogation of Local Civil Rule 7, she has now filed a total of three briefs (her Opposition plus

proposed surreply plus her Notice) in response to the Motion to Dismiss, and she will have submit-

ted a total of underline(fifty-eight) pages to argue in opposition to the Motion to Dismiss if her motion for

leave to file her proposed surreply is not denied, as Defendants have asked, and if this Notice is not

stricken.  To be clear, her Notice of Supplemental Authority contains argument; it is not a mere "no-

tice" to the Court of recently issued "authority."  Finally, like her proposed surreply, her Notice is

untimely in the context of Local Rule 7 in that it comes well after Defendants filed their Reply, *i.e.*,

twenty-nine days later.[1]

Herron's Notice is improper for another, more egregious reason:  it mischaracterizes and

distorts the public record that she cites therein.  For example:

- In the Notice, Herron cites pages 5, and 42-43 of the December 2010 Congressional Oversight Panel Report ("Report") to support her claim that Fannie Mae's processing of loan modifications for borrowers who could not qualify for a permanent modification was – in Herron's words – the "most important" reason for the alleged "significant failure" of HAMP.  That Report, however, says no such thing – at pages 5 or 42-43, or elsewhere for that matter.  The Court need only read the pages cited by Herron to see that Herron's claim simply is made up.[2]

- Herron's reference in her Notice to the Report's statement of conflicts that the GSEs may have is not  a criticism of Fannie Mae.  In contrast to Herron's characterization of the Report, it actually states (at 72) that:  "Treasury's decision to use Fannie Mae as its agent for HAMP program administration and Freddie Mac as its agent for program compliance set up barriers to success . . ." which  "rais[es] the question of why *Treasury* decided to saddle the GSEs with oversight of HAMP."  [Emphasis added.]  In short, the Report does not in any way, shape or form support Herron's baseless assertion in the Notice that "defendants were acting contrary to Treasury's best interests."

- That the Report notes that Fannie Mae is "effectively owned" by the government is not relevant to whether Fannie Mae is a governmental entity for *Bivens* purposes.  Indeed, the Report specifically states – and Herron leaves out – that Fannie Mae's and Freddie Mac's "legal status has been unclear" ever since they were placed into conservatorship.  Report at 73.

---

[1]     By contrast, Local Civil Rule 7 contemplates the closing of briefing on a motion with the filing of a reply to a brief in opposition, which must be filed within seven days from service of the opposition.

[2]     At page 4, the Report explains that "a major reason" why, "despite the apparent strength of HAMP's economic logic, the program has failed to help the majority of homeowners," is because "mortgages are, in practice, far more complicated then a one-to-one relationship between borrower and lender."  The Report also states (at page 4) "another major obstacle is that many borrowers have second mortgages from lenders who stand to profit by blocking the modification of a first mortgage."  Obviously, none of these "major" reasons have anything to do with Fannie Mae.

Also like Heron's proposed surreply, the Notice is unnecessary, first, because her Opposition raised many of the same or substantially similar points which she argues in her Notice. *E.g.,* Opposition at 13, 39, 43. The only real difference is that in her Notice she relies on the December 2010 Report for support for her points whereas in her Opposition she relied on two earlier Congressional Oversight Panel reports on HAMP. More fundamentally, her Notice is unnecessary because whether or not the complaints and critical remarks she allegedly made to Treasury and Fannie Mae correspond with opinions found in the December 2010 Report (issued almost a year after she was terminated) is largely, if not wholly, irrelevant to issues raised by the Motion to Dismiss, *e.g.,* if Herron's termination violated a public policy closely tethered to a statute or if she had a First Amendment right to raise her criticisms. All told, the December 2010 Report does not justify any more argument from Herron relating to the Motion to Dismiss.

Most important, Herron's additional submissions are unfair. Defendants have had to prepare responses to these extra filings, even if in cursory form, less the Court take their silence as a concession to the points raised by Herron. As a result, Defendants have had to waste their resources in responding to submissions that should not have been filed in the first place.

For all the reasons discussed above, the Court should strike Herron's Notice and prohibit her from filing additional submissions on the Motion to Dismiss.

Respectfully submitted,

_____/s/ Ira T. Kasdan_____
Ira T. Kasdan (D.C. Bar # 292474)
Joseph D. Wilson (D.C. Bar # 466652)
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
(202) 342-8400 (phone)
(202) 342-8451 (facsimile)
Email:  ikasdan@kelleydrye.com
           jwilson@kelleydrye.com

Damien G. Stewart (D.C. Bar # 465266)
FANNIE MAE
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016-2892
(202) 752-6871 (phone)
(703) 997-7405 (facsimile)
Email:  damien_g_stewart@fanniemae.com

*Counsel for Defendants*

Dated:  December 22, 2010

## Certificate of Service

I hereby certify that, on the 22nd day of December, 2010, I caused the foregoing to be electronically filed using the Court's CM /ECF system, which will then send a notification of such filing (NEF), to the following counsel for the Plaintiff:

Lynne Bernabei, Esq.
David M. Wachtel, Esq.
Alan R. Kabat, Esq.
BERNABEI & WACHTEL, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124

*Counsel for the Plaintiff*

_____/s/ Ira T. Kasdan_____
Ira T. Kasdan (D.C. Bar # 292474)
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
(202) 342-8400 (phone)
(202) 342-8451 (facsimile)
Email:  ikasdan@kelleydrye.com