## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROLINE HERRON,

                       **Plaintiff,**

       - versus -               **No.: 1:10-CV-00943-RMC**

FANNIE MAE, *et al.*,

                       **Defendants.**

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendants Fannie Mae ("Fannie Mae"), Eric Schuppenhauer ("Schuppenhauer"), Nancy Jardini ("Jardini") and Alanna Scott Brown ("Brown"), by counsel, respectfully submit their Answer to the Complaint for Declaratory, Injunctive, and Monetary Relief ("Complaint") filed by Plaintiff Caroline Herron ("Herron"), their Affirmative Defenses thereto, and their Jury Demand. Schuppenhauer, Jardini, Brown, and Fannie Mae are collectively referred to herein from time to time as "Defendants." As used herein, "Paragraph __" refers to the noted Paragraph in the Complaint.

## I.    ANSWER TO THE COMPLAINT

1.    RESPONSE:  Defendants deny the allegations in the first sentence of Paragraph 1, except that Defendants admit that Herron's Complaint, in general terms, purports that Defendants terminated her because she raised criticisms about how Fannie Mae was implementing its role to assist the Department of the Treasury ("Treasury") in modifications of home mortgage loans, engaging in a gross waste of public funds, and violating its contract with Treasury.  Defendants assert that the allegations in the second and third sentences of Paragraph 1 state legal conclusions for which no response is necessary; to the extent that a response is necessary to these allegations, Defendants deny them.  By way of further response, Defendants aver that Herron was not an

employee of Fannie Mae from on or around July 2009 to January 2010 and that, rather, she provided consulting services to Fannie Mae as a contractor engaged by a third-party entity during that time.

2.     RESPONSE:  Defendants assert that the allegations in Paragraph 2 state a legal conclusion for which no response is necessary, and, to the extent that a response to those allegations is necessary, Defendants deny them.

3.     RESPONSE:  The allegations in Paragraph 3 state a legal conclusion for which no response is necessary, and, to the extent that a response to those allegations is necessary, Defendants deny them.

4.     RESPONSE:  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.  By way of further response, Fannie Mae avers that the alleged address for Herron is consistent with what Fannie Mae has on file for her.

5.     RESPONSE:  Defendants deny the allegations in Paragraph 5, except that they aver that Fannie Mae is a government sponsored entity with an office location at the address referenced in Paragraph 5.

6.     RESPONSE:  The allegations in the first sentence of Paragraph 6 state a legal conclusion for which no response is necessary, and, to the extent that a response to those allegations is necessary, Defendants deny them, except that Schuppenhauer avers that he is a resident of Virginia and that his Virginia address is as stated in the first sentence of Paragraph 6.  The allegations in the second sentence of Paragraph 6 are denied, except that Schuppenhauer and Fannie Mae aver that Fannie Mae employed Schuppenhauer from approximately September 2005 to April 23, 2010 and that his title at Fannie Mae from approximately February 2009 to April 23, 2010 was Senior Vice President – Homeowner Affordability and Stability Plan.  Defendants assert that the allegations in the third sentence of Paragraph 6 state a legal conclusion for which no response is necessary; to the extent a response to those allegations is necessary, Defendants deny them.

7.    RESPONSE:  The allegations in the first sentence of Paragraph 7 state a legal conclusion for which no response is necessary; to the extent that a response to those allegations is necessary, Defendants deny them, except that Jardini avers that she currently resides at 4701 Willard Avenue, Chevy Chase, Maryland.  Defendants deny the allegations in the second sentence of Paragraph 7, except that Fannie Mae and Jardini aver that her current title at Fannie Mae is a Senior Vice President and Chief Compliance and Ethics Officer.  Defendants assert that the allegations in the third sentence of Paragraph 7 state a legal conclusion for which no response is necessary; to the extent a response to those allegations is necessary, Defendants deny them.

8.    RESPONSE:  The allegations in the first sentence of Paragraph 8 state a legal conclusion for which no response is necessary; to the extent that a response to those allegations is necessary, Defendants deny them, except that Brown avers that she currently resides at the address alleged in the first sentence of Paragraph 8.  Defendants deny the allegation in the second sentence in Paragraph 8 that at all relevant times to the Complaint Brown was Herron's direct supervisor.  The allegation in the second sentence in Paragraph 8 that Ms. Brown was doing and transacting business in the District of Columbia states a legal conclusion for which no response is necessary; to the extent a response to that allegation is necessary, Defendants deny it.

9.    RESPONSE:  The allegations in Paragraph 9 that Defendants John/Jane Does were doing or transacting business in the District of Columbia at all times relevant to the Complaint state a legal conclusion to which no response is necessary; to the extent that a response to those allegations is necessary, Defendants are without knowledge or information sufficient to form a belief about the truth of those allegations.  As for the remaining allegations in Paragraph 9, Defendants are without knowledge or information sufficient to form a belief about the truth of those allegations.

10.    RESPONSE:  Defendants deny the allegations in Paragraph 10, except that they aver that:  Fannie Mae employed Herron from approximately August 2000 to November 2007; Herron's

last title with Fannie Mae during that time was Vice President for SOX Strategy & Execution; Ms. Herron separated from Fannie Mae in 2007; she received a severance package from Fannie Mae; and Ms. Herron sometime thereafter provided services to Fannie Mae as a contractor engaged by a third-party.

11.   RESPONSE:  Defendants deny the allegations in Paragraph 11.

12.   RESPONSE:  Defendants deny the allegations in Paragraph 12.

13.   RESPONSE:  Defendants deny the allegations in Paragraph 13, except that Fannie Mae and Schuppenhauer generally aver that at some point in late summer or early Fall of 2009 Herron mentioned to Schuppenhauer that she was interested in working for Treasury.

14.   RESPONSE:  Defendants deny the allegations in Paragraph 14.

15.   RESPONSE:  Defendants deny the allegations in Paragraph 15.  By way of further response, Brown, Schuppenhauer, and Jardini each avers that s/he has never informed Herron of a reason why she was off-boarded from Fannie Mae as a contractor, and Fannie Mae avers that neither Mr. Wilhelmy nor, to the best of its current knowledge, any other Fannie Mae officers have informed Herron why she was off-boarded from Fannie Mae as a contractor.

16.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of Paragraph 16 that Herron was blackballed in the industry, and Defendants deny the remaining allegations in the first sentence of Paragraph 16.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence of Paragraph 16 that the contractor manager (which presumably refers to the contractor manager with ICon) told Ms. Herron that she could no longer work at Fannie Mae in any capacity, and Defendants deny the remaining allegations in that sentence.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence in Paragraph 16.

17.   RESPONSE:  Defendants deny the allegations in Paragraph 17.

18.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.   RESPONSE:   Defendants deny the allegations in Paragraph 19, except that Defendants aver that:   Fannie Mae employed Herron from approximately August 2000 to November 2007; Herron was first classified as a Level 5 employee during that time; and Herron's last title during her period of employment with Fannie Mae was Vice President for SOX Strategy & Execution.

20.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

21.   RESPONSE:  Defendants deny the allegations in Paragraph 21, except that they aver that Herron's title at Fannie Mae from approximately June 2006 to approximately November 2007 was Vice President for SOX Strategy & Execution.

22.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, except that they generally aver that Herron separated from Fannie Mae in November 2007 and was offered a severance package.

25.   RESPONSE:  Defendants deny the allegations in Paragraph 25, except that they generally aver that:   on or about February 18, 2009 President Obama and Treasury Secretary Geithner announced the establishment of a homeownership preservation program ("HPP") that was to become known as the Making Home Affordable Program ("MHA"); a purpose of MHA was to

prevent avoidable foreclosures on residential mortgages; the Home Affordable Modification

Program ("HAMP") is a program under MHA; and Treasury and Fannie Mae entered into a

Financial Agency Agreement ("FAA") on or about February 18, 2009.  By way of further response,

Defendants respectfully refer the Court to the Emergency Economic Stabilization Act of 2008 and

the FAA themselves for a complete and accurate recitation of their respective provisions.

26.    RESPONSE:  Defendants deny the allegations in Paragraph 26.

27.    RESPONSE:  Defendants deny the allegations in Paragraph 27.

28.    RESPONSE:  Defendants deny the allegations in Paragraph 28.

29.    RESPONSE:  Defendants deny the allegations in Paragraph 29, except that they

generally aver that Herron worked directly with some members of Treasury, certain Fannie Mae

teams, and certain loan servicers on, among other things, policy development and implementation

for HAMP-related initiatives.

30.    RESPONSE:  Defendants deny the allegations in Paragraph 30, except that they

generally aver that Herron's duties required that she make policy recommendations.

31.    RESPONSE:  Defendants deny the allegations in Paragraph 31, except that they

generally aver that:  the Second Lien Modification Program was designed to work in tandem with

HAMP in order to help borrowers achieve affordability by lowering payments on second lien

mortgage loans, and Treasury, on or about August 4, 2009 issued a release stating, among other

things, that the Obama Administration "has asked servicers to commit to starting 500,000 trial

modifications by November 1, 2009" (*see* http://www.treasury.gov/press-center/press-

releases/Pages/tg252.aspx).

32.    RESPONSE:  Defendants deny the allegations in Paragraph 32.

33.    RESPONSE:  Defendants deny the allegations in Paragraph 33.

34.    RESPONSE:  Defendants deny the allegations in Paragraph 34.

35.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36.   RESPONSE:  Defendants deny the allegations in Paragraph 36.

37.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegation that Herron asked Laurie Maggiano to put pressure on Fannie Mae to ensure Fannie Mae account managers were communicating appropriately with servicers. Defendants deny the remaining allegations in Paragraph 37.

38.   RESPONSE:  Defendants deny the allegations in Paragraph 38.

39.   RESPONSE:  Defendants deny the allegations in Paragraph 39.

40.   RESPONSE:  Defendants deny the allegations in Paragraph 40, except that they generally aver that Secretary Geithner advised Congress on December 9, 2009 that he was extending the TARP deadline to October 3, 2010 per authority granted to him by statute.

41.   RESPONSE:  Defendants deny the allegations in the first sentence of Paragraph 41, and Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 41.

42.   RESPONSE:  Defendants deny the allegations in Paragraph 42.

43.   RESPONSE:  Defendants deny the allegations in the first sentence of Paragraph 43, except that that they generally aver that Herron, while she was a contractor providing services to Fannie Mae, worked with Cindy Gertz on MHA-related projects.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 43.

44.   RESPONSE:  Defendants deny the allegations in the first sentence of Paragraph 44, except they generally aver that there were Fannie Mae meetings at 8:30 a.m. regarding HAMP, that Herron spoke at some of those meetings, and that low conversion rates were discussed at some of

those meetings.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 44.

45.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.   RESPONSE:  Defendants deny the allegations in Paragraph 47.

48.   RESPONSE:  Defendants deny the allegations in Paragraph 48.

49.   RESPONSE:  Defendants deny the allegations in Paragraph 49.

50.   RESPONSE:  Defendants deny the allegations in Paragraph 50.

51.   RESPONSE:  Defendants deny the allegations in Paragraph 51.

52.   RESPONSE:  Defendants deny the allegations in Paragraph 52.

53.   RESPONSE:  Defendants deny the allegations in Paragraph 53, except that they aver that:  Ms. Herron and Mr. Macdonald, as contractors providing services to Fannie Mae, worked on a project involving consideration of the development and implementation of a borrower portal and, in doing so, at least Herron interfaced with Treasury representatives; Fannie Mae issued a request for proposals pertaining to the development and implementation of a borrower portal on or about November 20, 2009; and bids were thereafter received in response thereto.  By way of further response, the Court is respectfully referred to the referenced April Oversight Report for a complete and accurate recitation of its contents.

54.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.   RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.   RESPONSE:  Defendants deny the allegations in the first two sentences in Paragraph 56, except that they aver that Mr. Guttentag sent at least two emails to Assistant Secretary Barr, one dated on December 30, 2009 and the other dated January 11, 2010, regarding the borrower portal and/or process for request for proposals regarding the borrower portal, and the Court is respectfully referred to those emails for an accurate and complete recitation of their respective contents. Defendants deny the allegations in the third sentence of Paragraph 56, except that they aver that Ms. Gertz of Treasury requested that Herron prepare a response to Assistant Secretary Barr's request to her, among others, for thoughts on the January 11, 2010 email sent by Mr. Guttentag and that Herron worked on the response to Assistant Secretary Barr's request to Ms. Gertz.  Defendants deny the allegations in the fourth sentence of Paragraph 56, except that they aver that Herron worked with Fannie Mae personnel on, among other things, issues related to the borrower portal project, including contracting, privacy, and management matters related to that project.

57.   RESPONSE:  Defendants deny the allegations in Paragraph 57.

58.   RESPONSE:  Defendants deny the allegations in Paragraph 58, except that they aver that Fannie Mae off-boarded Herron as a contractor on or about January 15, 2010.

59.   RESPONSE:  Defendants deny the allegations in Paragraph 59, except that they aver that Fannie Mae off-boarded Mr. Macdonald as a contractor on or about January 31, 2010.

60.   RESPONSE:  Defendants deny the allegations in the first, second, and fourth sentences of Paragraph 60, except that Defendants aver that:  (a) Treasury issued Supplemental Directive 10-01 on January 28, 2010, to which the Court is respectfully referred for an accurate and complete recitation of its contents, and a Borrower Portal had not been implemented as part of HAMP as of the date of Herron's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 60.

61.   RESPONSE:  Defendants deny the allegations in Paragraph 61.

62.   RESPONSE:  Jardini and Brown are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.  Fannie Mae and Schuppenhauer are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 62, and Fannie Mae and Schuppenhauer deny the remaining allegations in Paragraph 62, except that they aver that Herron sent Schuppenhauer an email on December 15, 2009 regarding, among other things, working as a contractor dedicated to Treasury, and Defendants respectfully refer the Court to that email for an accurate and complete recitation of its contents.

63.   RESPONSE:  Jardini and Brown are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.  Fannie Mae and Schuppenhauer are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 63, and Fannie Mae and Schuppenhauer deny the remaining allegations in Paragraph 63.

64.   RESPONSE:  Defendants deny the allegations in the first and third sentences of Paragraph 64, and Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 64.

65.   RESPONSE:  Defendants deny the allegations in Paragraph 65.

66.   RESPONSE:  Fannie Mae and Jardini deny the allegations in Paragraph 66.  Brown and Schuppenhauer are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67.   RESPONSE:  Fannie Mae and Jardini admit the allegations in the first sentence of Paragraph 67, and they deny the allegations in the second sentence of Paragraph 67.  Brown and Schuppenhauer are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68.   RESPONSE:  Defendants deny the allegations in Paragraph 68.

69.   RESPONSE:  Defendants deny the allegations in Paragraph 69.

70.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief as to the truth about the allegations in the first and third sentences of Paragraph 70, and Defendants deny the allegations in the second sentence of Paragraph 70.

71.   RESPONSE:  Defendants deny the allegations in the first sentence of Paragraph 71. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 71.  Fannie Mae, Schuppenhauer, and Jardini deny the allegations in the third sentence of Paragraph 71, and they respectfully refer the Court to the referenced email for an accurate and complete recitation of its contents.  Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 71.  Fannie Mae denies the allegations in the fourth sentence of Paragraph 71. Schuppenhauer, Brown, and Jardini are without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 71.

72.   RESPONSE:  Defendants deny the allegations in Paragraph 72, except that Schuppenhauer and Fannie Mae aver that Herron sent an email to Mr. Schuppenhauer on January 13, 2010, mentioning, among other things, that she was ready to escalate to Mr. Edwards and Mr. Williams, and the Court is respectfully referred to that email for a complete and accurate recitation of its contents.

73.   RESPONSE:  Defendants deny the allegations in Paragraph 73, except that Fannie Mae avers that:  Herron was off-boarded as a contractor on January 15, 2010; a Procurement representative escorted her from Fannie Mae's premises; and a Fannie Mae representative, which might have included Mr. Wilhelmy, informed Herron to speak with her contract vendor.

74.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.   RESPONSE:  Defendants deny the allegations in Paragraph 76.

77.   RESPONSE:  Fannie Mae and Schuppenhauer deny the allegations in the first sentence of Paragraph 77, and they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77.  Brown and Jardini are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 78, and Defendants deny the allegations in the second sentence of Paragraph 78.

79.   RESPONSE:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.   RESPONSE:  Defendants deny the allegations in Paragraph 80, except that Fannie Mae avers that Mr. Macdonald was off-boarded as a contractor on or about January 31, 2010 and Fannie Mae suspended its work on the borrower portal project in or around March 2010.

81.   RESPONSE:  Defendants deny the allegations in Paragraph 81.

82.   RESPONSE:  Defendants deny the allegations in Paragraph 82, and the Court is respectfully referred to the March 25, 2010 report by the Office of Special Inspector General for the Troubled Asset Relief Program for a complete and accurate recitation of its contents.

83.   RESPONSE:  Defendants incorporate by reference their responses set forth in Paragraphs 1-82, above, as if stated fully herein.

84.   RESPONSE:  The statement in Paragraph 84 that "[f]or purposes of this claim, Fannie Mae is considered a private employer" sets forth a legal conclusion by Plaintiff of a predicate to her cause of action for which no response is necessary.  Defendants deny the remaining allegations in

Paragraph 84, except that they aver that Fannie Mae's stock is publicly traded and that Fannie Mae is now in conservatorship.

85.   RESPONSE:  Defendants deny the allegations in Paragraph 85 and respectfully refer the Court to the Emergency Economic Stabilization Act of 2008 for a complete and accurate recitation of its contents.

86.   RESPONSE:  Defendants deny the allegations in the first sentence of Paragraph 86 and respectfully refer the Court to the Financial Agency Agreement between Fannie Mae and Treasury for a complete and accurate recitation of its provisions.  The allegations in the second sentence of Paragraph 86 state a legal conclusion for which no response is necessary; to the extent a response is necessary to those allegations, they are denied.

87.   RESPONSE:  Defendants deny the allegations in Paragraph 87.

88.   RESPONSE:  Defendants deny the allegations in Paragraph 88.

89.   RESPONSE:  The allegations in Paragraph 89 state a legal conclusion for which no response is necessary; to the extent that a response to those allegations is necessary, they are denied.

90.   RESPONSE:  Defendants deny the allegations in Paragraph 90.

91.   RESPONSE:  Defendants deny the allegations in Paragraph 91.

92.   RESPONSE:  Defendants deny the allegations in Paragraph 92.

93.   RESPONSE:  Defendants deny the allegations in Paragraph 93.

94.   RESPONSE:  Defendants deny the allegations in Paragraph 94.

95.   RESPONSE:  Defendants incorporate by reference their responses set forth in Paragraphs 1-94, above, as if stated fully herein.

96.   RESPONSE:  The statement in Paragraph 96 that "[f]or purposes of this claim, Fannie Mae is considered a private employer" sets forth a legal conclusion by Plaintiff of a predicate to her cause of action for which no response is necessary.  Defendants deny the remaining allegations in

Paragraph 96, except that they aver that Fannie Mae's stock is publicly traded and that Fannie Mae is now in conservatorship.

97.   RESPONSE:  Defendants deny the allegations in Paragraph 97.

98.   RESPONSE:  Defendants deny the allegations in Paragraph 98.

99.   RESPONSE:  Defendants deny the allegations in Paragraph 99.

100.  RESPONSE:  Defendants deny the allegations in Paragraph 100.

101.  RESPONSE:  Defendants incorporate by reference their responses set forth in Paragraphs 1-100, above, as if stated fully herein.

102.  RESPONSE:  The statement in Paragraph 102 that "[f]or purposes of this claim, Fannie Mae is considered a private employer" sets forth a legal conclusion by Plaintiff of a predicate to her cause of action for which no response is necessary.  Defendants deny the remaining allegations in Paragraph 102, except that they aver that Fannie Mae's stock is publicly traded and that Fannie Mae is now in conservatorship.

103.  RESPONSE:  Defendants deny the allegations in Paragraph 103.

104.  RESPONSE:  Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 104.

105.  RESPONSE:  Defendants deny the allegations in Paragraph 105.

106.  RESPONSE:  Defendants deny the allegations in Paragraph 106.

107.  RESPONSE:  Defendants deny the allegations in Paragraph 107.

108.  RESPONSE:  Defendants deny the allegations in Paragraph 108.

109.  RESPONSE:  Defendants deny the allegations in Paragraph 109.

110.  RESPONSE:  Defendants deny the allegations in Paragraph 110.

111.  RESPONSE:  Defendants deny the allegations in Paragraph 111.

112.  RESPONSE:  Defendants deny the allegations in Paragraph 112.

113.  RESPONSE:  Defendants deny the allegations in Paragraph 113.

114.  RESPONSE:  Defendants incorporate by reference their responses set forth in Paragraphs 1-113, above, as if stated fully herein.

115.  RESPONSE:  The statement in Paragraph 115 that "[f]or purposes of this claim, Fannie Mae is considered a federal government entity" sets forth a legal conclusion by Plaintiff of a predicate to her cause of action for which no response is necessary.  Defendants deny the remaining allegations in Paragraph 115, except that they aver that Fannie Mae is now in conservatorship.

116.  RESPONSE:  The allegations in Paragraph 116 state a legal conclusion for which no response is necessary; to the extent that a response is needed to these allegations, they are denied.

117.  RESPONSE:  The allegations in Paragraph 117 state a legal conclusion for which no response is necessary; to the extent that a response is needed to these allegations, they are denied.

118.  RESPONSE:  Defendants deny the allegations in Paragraph 118.

119.  RESPONSE:  The allegations in Paragraph 119 state a legal conclusion for which no response is necessary; to the extent that a response is needed to these allegations, they are denied.

120.  RESPONSE:  The allegations in Paragraph 119 state a legal conclusion for which no response is necessary; to the extent that a response is needed to these allegations, they are denied.

121.  RESPONSE:  Defendants deny the allegations in Paragraph 121.

122.  RESPONSE:  Defendants deny the allegations in Paragraph 122.

123.  RESPONSE:  The allegations in the first sentence of Paragraph 123 state a legal conclusion for which no response is necessary; to the extent that a response is needed to these allegations, they are denied.  Defendants deny the remaining allegations in Paragraph 123.

124.  RESPONSE:  Defendants deny the allegations in Paragraph 124.

125.  RESPONSE:  Defendants deny the allegations in Paragraph 125.

126.  RESPONSE:  Defendants deny the allegations in Paragraph 126.

127. RESPONSE:  Defendants deny the allegations in Paragraph 127.

128. RESPONSE:  Defendants deny the allegations in Paragraph 128.

129. RESPONSE:  Defendants deny the allegations in Paragraph 129.

130. RESPONSE:  Defendants deny the allegations in Paragraph 130.

Prayer for relief:  To the extent that a response is necessary to the averments in the Prayer for Relief, Defendants deny each of those averments, and they further deny that Herron is entitled to any of the relief for which she prays.

II.     **AFFIRMATIVE DEFENSES**

First Affirmative Defense:  The Complaint fails to a state claim upon which relief may be granted, and the Complaint, therefore, must be dismissed.

Second Affirmative Defense:  Herron's claims are barred or diminished by her failure to mitigate and/or to avoid her damages, if any.

Third Affirmative Defense:  Herron has failed to satisfy all necessary conditions precedent for recovery of damages, if any.

Fourth Affirmative Defense:  Herron's claims for declaratory, injunctive, and any other form of equitable relief are barred because she has an adequate remedy at law.

Fifth Affirmative Defense:  If Brown, Schuppenhauer, and Jardini were officers of the United States government, as alleged, then they are immune from suit because their alleged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Sixth Affirmative Defense:  If Defendants engaged in waste, mismanagement, any illegality, or breach of contract, as alleged by Herron, some or all of Herron's conduct is *in pari delicto* because she supported the actions of Defendants, and, for that reason, some or all or her claims are barred.

Seventh Affirmative Defense:  Herron's claims are barred by the doctrines of waiver, estoppel, and/or acquiescence.

Eighth Affirmative Defense:  After the date on which Herron was off-boarded as a contractor providing services to Fannie Mae, it was discovered that Herron, before the date of Herron's alleged wrongful termination, had materially breached her written agreement to abide by Fannie Mae's Contractor Code of Conduct by emailing certain Fannie Mae documents to her personal email accounts, conducting business on behalf of Fannie Mae from her personal email accounts, and/or failing to report such conduct to Fannie Mae, any and all of which provided grounds for her immediate off-boarding.

Ninth Affirmative Defense:  Defendants incorporate their defenses to the Complaint as set out in their pleadings before the Court to date in connection with their motion to dismiss and their renewed motion to dismiss.

## III.   **RESERVATION OF RIGHTS**

Defendants' Answer to the Complaint and Affirmative Defenses are based on information currently known to it.  Defendants reserve their right to amend, alter or modify their Answer and Affirmative Defenses during the course of this litigation.

## IV.   **JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

[The remainder of this page is purposefully blank.]

Respectfully submitted,

_____/s/ Ira T. Kasdan_____
Ira T. Kasdan (D.C. Bar # 292474)
Joseph D. Wilson (D.C. Bar # 466652)
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
(202) 342-8400 (phone)
(202) 342-8451 (facsimile)
Email:  ikasdan@kelleydrye.com
         jwilson@kelleydrye.com

Damien G. Stewart (D.C. Bar # 465266)
FANNIE MAE
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016-2892
(202) 752-6871 (phone)
(703) 997-7405 (facsimile)
Email:  damien_g_stewart@fanniemae.com

*Counsel for Defendants*

Dated:  March 21, 2011

## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of March, 2011, I caused the foregoing to be electronically filed using the Court's CM /ECF system, which will then send a notification of such filing (NEF), to the following counsel for the Plaintiff:

Lynne Bernabei, Esq.
David M. Wachtel, Esq.
Alan R. Kabat, Esq.
BERNABEI & WACHTEL, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
Counsel for the Plaintiff

                        /s/ Ira T. Kasdan
Ira T. Kasdan (D.C. Bar # 292474)
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
(202) 342-8400 (phone)
(202) 342-8451 (facsimile)
Email:  ikasdan@kelleydrye.com

DC01/KASDI/440071