IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLINE HERRON, ) | |
|    Plaintiff, ) | |
| v. ) | Civil Action No. 1:10-CV-00943-RMC |
| FANNIE MAE, *et al.*, ) | |
|    Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' RENEWED MOTION TO DISMISS
AND MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Caroline Herron, through undersigned counsel, respectfully submits her Memorandum of Law in Support of Plaintiff's Motion to Strike Defendants' Renewed Motion to Dismiss and Motion for Attorneys' Fees and Costs.

As set forth below, this Court should strike Defendants' Renewed Rule 12(b)(6) Motion to Dismiss the Complaint (Doc. No. 33) (Mar. 11, 2011), in which defendants improperly renewed their motion to dismiss as to Ms. Herron's tortious interference and civil conspiracy claims, which this Court did <u>not</u> authorize defendants to do.

## I.    PROCEDURAL BACKGROUND.

Ms. Herron brought four claims: wrongful termination in violation of public policy against Fannie Mae (Count I); civil conspiracy against the individual defendants (Count II); tortious interference with prospective contractual relations against all defendants (Count III); and a <u>Bivens</u> First Amendment retaliation against the individual defendants (Count IV).

This Court denied defendants' motion to dismiss, on the grounds that Ms. Herron's

"Complaint contains sufficient factual matter, accepted as true, that states a claim for relief that is plausible on its face, thereby surviving the threshold requirements of a motion to dismiss." See Order, at 2 (Feb. 10, 2011) (Doc. No. 30) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court recognized that there existed "multiple questions of fact that cannot be resolved without resort to full discovery," including the "reasons behind Plaintiff's termination, and her job expectations at either Fannie Mae or the Department of the Treasury," id., which encompasses Counts II and III of her complaint.

At the Status Conference on February 22, 2011, counsel for defendants stated that they believed that Ms. Herron "has pled herself out of two counts; the wrongful termination count and the Bivens count." See Tr., at 8 (Feb. 22, 2011) (attached hereto as Exhibit 1). Counsel for defendants argued that the existence of a False Claims Act remedy meant that Ms. Herron "can't have a wrongful termination or a Bivens claim." Id. at 9. Thus, counsel for defendants sought leave to renew their motion to dismiss with respect to only those two claims, i.e., Counts I and IV of Ms. Herron's complaint. Id. at 9.

As set forth in more detail in Plaintiff's Opposition to Defendants' Renewed Motion to Dismiss, counsel for defendants misrepresented to this Court the elements of a claim under the False Claims Act, and failed to inform this Court that defendant Fannie Mae had, in fact, successfully dismissed claims under the False Claims Act where the plaintiff (as had Ms. Herron) did not have knowledge of, or protest, a specific misrepresentation in Fannie Mae's invoices or claims submitted to the government. See Pls. Opp'n, Mem. at Parts VI.B, VI.C, and VI.E (Doc. No. 37) (Apr. 4, 2011).

Counsel for defendants also failed to advise this Court that the Federal Housing Finance Agency – the conservator of Fannie Mae – was successful in seeking the dismissal of a False

Claims Act lawsuit against Fannie Mae on the grounds that since Fannie Mae was funded and controlled by the U.S. government, there was no justiciable case or controversy, as the U.S. government would be on both sides of the relator lawsuit. Id. at Part VI.D.

Based upon defense counsel's representations of the law governing FCA claims – which plaintiff demonstrated to be false in her opposition to defendants' renewed motion to dismiss, see Pls. Opp'n, Mem. at Part VI (Doc. No. 37) (Apr. 1, 2011) – this Court granted defendants leave to address "your argument on this point," and stated that "plaintiff can respond directly to the point as to whether this is or is not . . . a claim under the False Claims Act for retaliation." See Tr. at 12.

Defendants made no request for leave to renew their motion as to the other two claims (Counts II and III), and this Court did not grant defendants leave to do so.

## II.     DEFENDANTS' RENEWED MOTION TO DISMISS.

Defendants filed their renewed motion to dismiss, which first argued that the existence of a False Claims Act remedy precluded Ms. Herron's common-law wrongful termination claim (Count I) and Bivens claim (Count III). See Def. Renewed Mot. to Dismiss, Mem. at Parts III.A & III.B (Doc. No. 33-2) (Mar. 11, 2011).

Defendants then devoted the remainder of their renewed motion to dismiss to repeating their arguments from their first motion to dismiss that Ms. Herron could not state a tortious interference claim (Count III) or a civil conspiracy claim (Count III). See Def. Renewed Mot. to Dismiss, Mem. at Part III.C & III.D (Doc. No. 33-2) (Mar. 11, 2011).

This Court, at the February 22, 2011 status conference, granted leave for defendants to renew their motion to dismiss as to only two of four claims: the common-law wrongful termination claim (Count I) and the Bivens claim (Count IV), but did not authorize defendants to

3

renew their motion to dismiss as to Ms. Herron's civil conspiracy claim (Count II) and her tortious interference claim (Count III), and make the same arguments yet another time.

Hence, counsel for plaintiff wrote to counsel for defendants, pursuant to Local Civil Rule 7(m), to point out the impropriety of their renewed motion to dismiss.  See A. Kabat letter to I. Kasdan (Mar. 21, 2011) (attached and incorporated hereto as Exhibit 2).  Counsel for plaintiffs requested that defendants voluntarily withdraw the sections of their renewed motion to dismiss as to Counts II and III of Ms. Herron's complaint, id., but they refused to do so upon the baseless assertion that the Court's Order "did not address Defendants' legal arguments regarding the tortious interference and conspiracy claims."  See J. Wilson letter to A. Kabat, at 1 (Mar. 22, 2011) (attached and incorporated hereto as Exhibit 3).  In fact, this Court addressed the tortious interference and conspiracy claims, when it found that there existed "multiple questions of fact that cannot be resolved without resort to full discovery," including the "reasons behind Plaintiff's termination, and her job expectations at either Fannie Mae or the Department of the Treasury."  See Order, at 2.  Counsel for defendants falsely claimed that "the Court acknowledges that its Order had not addressed the arguments on these latter claims (Tr. at 9)."  See Ex. 3, at 1.  If the defense counsel were correct, the Court would have issued an order on defendants' motion to dismiss that addressed none of Ms. Herron's four claims.  In fact, defendants made no request to renew their motion to dismiss as to the latter two claims.  See Ex. 1, at 1-16.

### III. THIS COURT SHOULD STRIKE DEFENDANTS' RENEWED MOTION TO DISMISS.

This Court should sanction Defendants for improperly repeating their legal arguments on Ms. Herron's tortious interference and civil conspiracy claims in their renewed motion to dismiss, because this Court did not grant defendants leave to renew the motion to dismiss as to those two claims.  Defendants are deliberately wasting judicial resources and driving up

plaintiff's costs in this litigation by forcing plaintiff and this Court to address legal arguments that this Court has already rejected.

Sanctions, including striking defendants' renewed motion to dismiss, are warranted because defendants directly violated this Court's order as to the scope of the renewed motion to dismiss, and never sought leave to renew their motion to dismiss as to Counts II and III.

### IV. Defendants Engaged in Sanctionable Conduct Relating to Their Renewed Motion to Dismiss, Which Warrants This Court's Granting of Attorneys' Fees and Costs Incurred by Plaintiff.

This Court should further find that defendants have engaged in sanctionable conduct in filing their renewed motion to dismiss, which justifies striking their renewed motion to dismiss, and imposing sanctions in the form of attorneys' fees and costs incurred by plaintiff in responding to defendants' renewed motion. This Court has the inherent authority to sanction litigants for violating court orders and rulings. *In re* AOV Indus., Inc., 798 F.2d 491, 498 (D.C. Cir. 1986) (upholding award of attorneys' fees and costs, since the "court clearly has the inherent power to sanction a party for abusive litigation practices").

As set forth in greater detail in Ms. Herron's Opposition to defendants' renewed motion to dismiss, counsel for defendants also made knowing misrepresentations to this Court, at both the Status Conference and in defendants' renewed motion to dismiss, about the ability of plaintiffs in Ms. Herron's position to bring a claim under the False Claims Act. Defendants' arguments were directly contrary to the arguments that Fannie Mae has made to other courts, in which Fannie Mae successfully argued that similarly-situated plaintiffs could not bring claims under the False Claims Act against Fannie Mae. See generally Pls. Opp'n, Mem. at Part VI (Doc. No. 37) (Apr. 1, 2011).

Moreover, defendants further violated this Court's order that discovery was not to be

stayed pending their renewed motion to dismiss. At the February 22, 2011 Status Conference, this Court specifically ordered that discovery was not stayed pending defendants' renewed motion to dismiss, see Ex. 1, Tr. at 15 ("this is not going to effect the discovery, okay"), and stated that "everything else is going ahead just as you had planned." Id. Counsel for defendants did not object to this discovery order from the bench, and did not seek reconsideration.

However, defendants have now stated in their objections to plaintiff's discovery requests that they will not produce documents to most, if not all of the document requests until after this Court has resolved their renewed motion to dismiss: "Defendants will only produce certain documents relating specifically to Plaintiff's wrongful termination, Bivens, and tortious interference claims *after* the Court has decided Defendants' [renewed] Motion." See I. Kasdan letter to A. Kabat, at 2 (Mar. 28, 2011) (attached and incorporated hereto as Exhibit 4).

Here, Ms. Herron's discovery requests were tied to those three claims, as well as to her civil conspiracy claim. Hence, defendants' unilateral refusal to produce documents to those claims means that plaintiff will not receive any documents relating to her claims until after this Court's ruling on their renewed motion to dismiss.

Defendants' misrepresentations to this Court regarding the False Claims Act, and defendants' violation of this Court's order that the renewed motion to dismiss would have no effect on discovery, justify sanctioning defendants through striking their renewed motion to dismiss and by awarding attorneys' fees and costs incurred by plaintiff, for forcing plaintiff to respond to the renewed motion to dismiss and filing this motion to strike.

## V.   CONCLUSION.

This Court should strike defendants' renewed motion to dismiss, because this Court did not authorize defendants to renew their motion to dismiss as to Ms. Herron's tortious interference and civil conspiracy claims.

This Court should also award plaintiff the attorneys' fees and costs she has incurred in responding to the defendants' renewed motion to dismiss and filing this motion to strike.

>Respectfully submitted,
>
>/s/ Lynne Bernabei
>
>_____
>Lynne Bernabei (D.C. Bar No. 938936)
>David Wachtel (D.C. Bar No. 427890)
>Alan R. Kabat (D.C. Bar No. 464258)
>Bernabei & Wachtel, PLLC
>1775 T Street, N.W.
>Washington, D.C. 20009-7124
>tel. (202) 745-1942
>fax (202) 745-2627
>Bernabei@BernabeiPLLC.com
>Kabat@BernabeiPLLC.com
>*Counsel for Plaintiff Caroline Herron*

DATED:  April 4, 2011

**Certificate of Service**

I hereby certify that, on this 4th day of April 2011, I caused the foregoing Memorandum of Law to be electronically filed using this Court's ECF system, which will then send a notification of such filing by electronic mail to counsel of record for defendants:

Ira T. Kasdan
Joseph D. Wilson
Brooke Fineberg
Kelley Drye & Warren, LLP
3050 K Street N.W., Suite 400
Washington, D.C. 20007

Damien G. Stewart
Fannie Mae
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016-2892

/s/ Alan R. Kabat
_____