IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CAROLINE HERRON** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-CV-00943-RMC |
| | ) | |
| **FANNIE MAE**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' RENEWED MOTION TO DISMISS
AND MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Caroline Herron, through undersigned counsel, respectfully submits her Reply Brief in Support of her Motion to Strike Defendants' Renewed Motion to Dismiss and Motion for Attorneys' Fees and Costs (Apr. 4, 2011) (Doc. No. 38).

Defendants' Opposition (Apr. 11, 2011) (Doc. No. 40), fails to dispute that defendants told this Court that Ms. Herron could bring a claim under the False Claims Act, when defendants knew that was <u>not</u> true, since Ms. Herron was not fired for having discovered or protested a specific false invoice that was presented to the government, a prerequisite under the False Claims Act, as Fannie Mae has argued in at least two other federal cases.  <u>See</u> Pls. Opp. to Def. Renewed Mot., Mem. at Parts VI.B, VI.C, and VI.E (Apr. 1, 2011) (Doc. No. 37).

Defendants' Opposition also does not dispute that Fannie Mae, through its conservator, the Federal Housing Finance Agency, successfully argued that a claim under the False Claims Act cannot be brought against Fannie Mae, since the U.S. government funds and controlls Fannie Mae.  Hence, there would be federal agencies on both sides of a lawsuit for monetary damages, which is not a justiciable case or controversy under the False Claims Act.  <u>Id.</u> at Part VI.D.

Thus, Ms. Herron cannot make out any claim under the False Claims Act, as Fannie Mae knew at the time counsel for defendants told this Court that she could do so.

Secondly, this Court, at the February 22, 2011 status conference, made clear that it was granting leave for defendants to renew their motion to dismiss as to <u>only</u> two of four claims: the common-law wrongful termination claim (Count I) and the <u>Bivens</u> claim (Count IV), based on defendants' argument that the existence of a remedy under the False Claims Act precluded those claims. <u>See</u> Tr. at 12. In contrast, this Court did <u>not</u> authorize defendants to renew their motion to dismiss as to Ms. Herron's civil conspiracy claim (Count II) and her tortious interference claim (Count III), yet defendants did precisely that by including those two claims in their renewed motion to dismiss.

Finally, defendants did not file a motion for reconsideration of this Court's denial of their motion to dismiss as to Counts II and III. Instead, defendants filed a renewed motion to dismiss that merely repeated their legal arguments from their original motion to dismiss, and applied the <u>same</u> standard, under Rule 12(b)(6), Fed. R. Civ. P., to those claims. Defendants did not, and cannot, satisfy the higher standard under Rule 59(e), Fed. R. Civ. P., governing a motion for reconsideration, which requires defendants to show that "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Fox v. American Airlines, Inc.</u>, 389 F.3d 1291, 1296 (D.C. Cir. 2005); <u>accord</u> <u>Alabama Education Ass'n v. Chao</u>, 595 F. Supp. 2d 93, 96 (D.D.C. 2009) (quoting <u>Fox</u>); <u>see also</u> Pls. Opp. to Defs. Renewed Mot. to Dismiss, Mem. at 19 (Apr. 1, 2011) (Doc. 37) (discussing Rule 59(e) standard). Here, Defendants have not, and cannot, identify any change in the law, or any new evidence, or any clear error, or any manifest injustice that warrants reconsideration of this Court's February 10, 2011 Order as to Counts II and III. In fact, with a

few exceptions, defendants have repeated the arguments from their original motion to dismiss.

For the reasons stated in Plaintiff's Motion to Strike Defendants' Renewed Motion to Dismiss and Motion for Attorneys' Fees and Costs, and in this Reply, this Court should strike defendants' Renewed Motion to Dismiss, and grant plaintiff the attorneys' fees and costs required to respond to defendants' Renewed Motion to Dismiss, because the motion was not based on a good faith reading of applicable False Claims Act law, as defendant Fannie Mae and its lawyers knew at the time it was filed.

> Respectfully submitted,
>
> /s/ Lynne Bernabei
> _____
> Lynne Bernabei (D.C. Bar No. 938936)
> David Wachtel (D.C. Bar No. 427890)
> Alan R. Kabat (D.C. Bar No. 464258)
> Bernabei & Wachtel, PLLC
> 1775 T Street, N.W.
> Washington, D.C. 20009-7124
> tel. (202) 745-1942
> fax (202) 745-2627
> Bernabei@BernabeiPLLC.com
> Kabat@BernabeiPLLC.com
>
> *Counsel for Plaintiff Caroline Herron*

DATED:  April 12, 2011

**Certificate of Service**

I hereby certify that, on this 12th day of April 2011, I caused the foregoing Reply Brief to be electronically filed using this Court's ECF system, which will then send a notification of such filing by electronic mail to counsel of record for defendants:

Ira T. Kasdan
Joseph D. Wilson
Brooke Fineberg
Kelley Drye & Warren, LLP
3050 K Street N.W., Suite 400
Washington, D.C. 20007

Damien G. Stewart
Fannie Mae
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016-2892

/s/ Alan R. Kabat
_____