IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CAROLINE HERRON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:10-CV-00943-RMC** |
| | ) | |
| **FANNIE MAE, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff Caroline Herron ("plaintiff") and Defendants Fannie Mae, et al. ("Defendants") (collectively, "Parties"), by their respective counsel, agree to the following protective order:

1.  **Scope of this Order**.  This Stipulated Confidentiality Agreement and Protective Order ("Order") shall apply to the use and disclosure, during discovery and pre-trial proceedings of the above-captioned case, No. 1:10-CV-00943-RMC, of all documents and information obtained in discovery or a pre-trial proceeding in this action and designated as Confidential pursuant to this Order, but this Order will not apply to the use or disclosure of such documents or information at trial of this action.

2.  **Documents and Information That May Be Designated As Confidential**.

Documents and information that may be designated by a party or third-party as Confidential under this Order shall be limited, at this point, to:

(A)  Documents and information related to Plaintiff Caroline Herron's medical history, medical treatment, or medical records, income, financial status, and financial records (including all tax returns, salary records, retirement and investment account(s)), and related financial information.

(B)   Documents and information related to any named or Doe defendant's medical history, medical treatment, or medical records, income, financial status, and financial records (including all tax returns, salary records, retirement and investment account(s)), and related financial information.

(C)   Personnel records of plaintiff Caroline Herron or defendants Eric Schuppenhauer, Nancy Jardini, or Alanna Scott Brown or any Doe defendant.

(D) Documents produced by a third-party that the third-party has designated as Confidential.

(E)   Documents and information related to the medical history, medical treatment, or medical records, income, financial status, and financial records (including all tax returns, salary records, retirement and investment account(s)), and related financial information of any Fannie Mae employee, officer, director, consultant, agent, or contractor.

(F)   Personnel records of any Fannie Mae employee, officer, director, consultant, agent, or contractor.

(G) Conflicts of interest certifications, as these contain personal financial and personnel information of Fannie Mae workers.

(H)   Personal financial information, including but not limited to that of any borrower.

(I)   Personally identifiable information of a borrower, including but not limited to documents or information derived from Fannie Mae's IR2 System.

(J)   Summary reports of borrowers provided, or to be provided, by Fannie Mae to the Federal Home Finance Agency ("FHFA") or to the U.S. Department of the Treasury ("Treasury") containing information from Fannie Mae's IR2 System.

(K)  Fannie Mae's proprietary Base Net Present Valuation model, as well as inputs to that model, data and outputs from that model or derived from that model, and inputs from mortgage servicers provided in a format tailored to Fannie Mae's Base Net Present Valuation model.

(L)  Information from or pertaining to Fannie Mae budgets at the line item level.

(M)  Invoices submitted by Fannie Mae to Treasury.

(N)  Fannie Mae responses to any of the following oversight boards:  SIGTARP, FHFA, the General Accounting Office, and the Congressional Oversight Panel.

(O)  Documents previously marked or designated as nonpublic in accordance with section 6 of the Fannie Mae-Treasury Financial Agency Agreement.

(P)  Pre-decisional documents and information regarding HAMP policies and procedures.  (Note: this category does not include final HAMP policies and procedures, unless those fall within another category listed herein.)

(Q)  Guidelines from Treasury regarding the Fannie Mae-Treasury Financial Agency Agreement.

(R)  Documents and information which Caroline Herron previously agreed to treat as confidential.

(S)  Confidential or proprietary information of mortgage servicers, including, for example, documents or information that discloses confidential or proprietary information concerning servicer processes.

(T)  Minutes of the meetings of Fannie Mae's Board of Directors and the minutes of meetings of any committees of Fannie Mae's Board of Directors.

By stipulating that the categories of documents and information listed above may be designated as Confidential under this Order, the parties do not concede that such documents and information are discoverable, relevant, material, or admissible at trial.  The parties also agree that the

3

categories of documents and information listed above may not constitute an exhaustive list of documents and information in which either party may have a legitimate interest in confidentiality. If either party desires to add categories of documents or information which may be designated as Confidential under this Order, then the parties shall negotiate in good faith in an attempt to resolve whether such categories of documents or information can be designated as Confidential under this Order. Nothing in this Section or Order prohibits the parties from jointly filing a stipulation with the U.S. District Court for the District of Columbia that identifies additional categories of documents and information which can be designated as Confidential under this Order or prohibits a party form moving the Court to include additional categories of documents and information that may be designated as Confidential under this Order.

3.     **Documents or Information Produced By Third-Parties**. The parties will work in good faith to resolve any issue that may arise regarding the potential confidential treatment of documents or information produced by a third-party. This protective order can be modified to add third-parties as signatories. Information or documents produced by third-parties may be made subject to this protective order and third-parties may designate such documents or information as Confidential as provided for in this Order, upon agreement between the parties or at the request of the third-party.

4.     **Process for Designating Documents or Information As Confidential**. To designate a document or information which a party or a third-party produces as Confidential under this Order, each page of the document containing such material shall be marked as "Confidential" or, if only certain pages or information are being so designated, that information or those pages shall be marked as "Confidential."

A party or third-party may designate the transcript of any deposition in this action or any portion thereof, including exhibits thereto, as Confidential, if any document or information falling

within one of the categories listed in Section 2, above, is used or elicited during the deposition, by so advising the court reporter and the parties on the record during the taking of the deposition or within five (5) business days after the deposition.  Furthermore, from the date of a deposition until five (5) business days thereafter, the entire transcript of such deposition shall be designated Confidential under this Order on an interim basis, and this interim designation shall lapse absent timely designation of some or all of the deposition as Confidential pursuant to the provisions of the preceding sentence of this paragraph.

5.   **Designating As Confidential Documents or Information Produced By a Third-Party or Another Party**.  If a party to this action desires to designate documents or information produced by another party or third-party in this action as Confidential under this Order, the following process shall be used:

(a)  A party wishing to designate (the "Designating Party") as Confidential under this Order documents or information produced by another party or third-party (the "Producing Entity") shall send, within ten (10) business days following the production by the Producing Entity (or such other time as may be agreed upon by the parties), a letter or email to the Producing Entity or its counsel (or provide other reasonable notice under the circumstances, such as by way of example, a statement on the record during a deposition) and counsel for all the other parties in this action that identifies the particular document(s) or information within that production which the Designating Party proposes to be designated as Confidential.  The letter, email, or notice to be provided by the Designating Party is referred to hereinafter as the "Proposed Confidential Designation Notice."

(b)  Any party to this action as well as the Producing Entity may object to the Designating Party's proposed designation as Confidential of the document(s) or information identified in the Designation Party's Proposed Confidential Designation Notice by sending a

letter or email (or providing other reasonable notice under the circumstances) to counsel for

the Designating Party and to counsel for all the other parties named in this action within five

(5) business days of the objecting party's receipt of the Proposed Confidential Designation

Notice. If no objections are made in accordance with the preceding sentence, then the

documents or information identified in a Proposed Confidential Designation Notice are

deemed designated as Confidential under this Order by the Designating Party, subject to a

party's rights under Section 13 herein to challenge such designation.

(c) If an objection to a Proposed Confidential Designation Notice has been made as

provided for in subpart (b) of this Section, above, the Designating Party and each objecting

party shall make a reasonable attempt to confer in a good faith effort to resolve the

objection(s). If the Designating Party and objecting parties are unable to confer as provided

for in the preceding sentence or do not reach an agreement resolving the objection(s) within

five (5) business days of the Designating Party's receipt of the objection(s), the Designating

Party, no later than ten (10) business days following its receipt of those objection(s), must

file a motion with the Court requesting an order providing that the documents or

information for which there remain unresolved objections be designated as Confidential

under this Order. The Designating Party's failure to file such motion in accord with the

provisions of the preceding sentence shall constitute the withdrawal of its proposal that the

documents or information for which objections remain unresolved be designated as

Confidential. Any other party to this action and the Producing Party may submit a response

to such motion filed by the Designating Party in accord with the rules of this Court. The

Court's ruling on the Designating Party's motion shall determine whether or not the

documents or information which are the subject of the motion are designated as

Confidential under this Order. To the extent that any party or third-party attaches or refers

to the disputed document or information in a motion provided for under this subpart (c) of this Section or response thereto, that motion or response, or that portion of the motion or responses which attaches, contains, or refers to the disputed document or information, shall be filed under seal with the Court.

(d)  Upon the service of a Proposed Confidential Designation Notice, the documents or information identified therein to be designated as Confidential shall be treated as Confidential under the terms of this Order on an interim basis, and all restrictions, requirements, and provisions pertaining to documents or information designated as Confidential shall apply and be followed with equal force for documents or information treated as Confidential under the terms of this Order on an interim basis. This interim treatment shall expire when:

(1) such documents or information are deemed to be designated as Confidential either by way of agreement of the parties, for lack of objection as provided to such proposed designation as provided for in subpart (b) of this Section, above, or by order of the Court deeming such documents or information to be Confidential in response to a motion filed by the Designating Party under subpart (c) of this Section, above; or

(2) the Designating Party withdraws its request that such documents or information be designated as Confidential, agreement of the parties that such documents or information will not be designated as Confidential, or by order of the Court deeming that such documents or information are not deemed as Confidential in response to a motion filed by the Designating Party under subpart (c) of this Section, above.

6.    **Restrictions On The Use and Disclosure of Documents and Information**

DC01/WILSJO/446040 2

**Designated As Confidential**.  Documents or information designated as Confidential under this Order, or information obtained solely from documents or information designated as Confidential under this Order, may only be used by the parties or persons given access to such documents or information pursuant to Section 7, below, as follows:

(A)    Documents or information designated as Confidential may be used only for purposes of this particular case, No. 1:10-CV-00943-RMC, and any further proceedings in this case, including any and all appeals, and including any mediation proceedings or processes related to plaintiff's employment, and not for any other purpose or in any other case.

(B)    Documents or information designated as Confidential shall not be disclosed to any person other than those persons designated as persons entitled to have access to documents or information designated as Confidential pursuant to Section 7, below.

(C)  To the extent that any party shall need to use any document or information designated as Confidential to question a witness in the course of a deposition taken in this case, No. 1:10-CV-00943-RMC, the document or information so designated, and portion of the transcript of the deposition that refers to such document or information so designated shall be maintained as Confidential under this Order.

(D)    To the extent that any party or other person or entity subject to this Order refers to any document, information, portion of a deposition transcript, or deposition exhibit that has been designated as Confidential in a pleading filed with the Court, that pleading, or that portion of that pleading which attaches, contains, or refers to such document, information, transcript, or exhibit shall be filed under seal with the Court.

7.    **The Only Persons Entitled To Have Access to Documents or Information Designated As Confidential**.  Only the persons described below shall be entitled to have access to documents or information designated as Confidential under this Order:

(A)     The parties and their counsel and counsel's office personnel;

(B)     The Court, and all court personnel who have need to read, review, or file documents or information designated as Confidential;

(C)     All experts and consultants retained by the parties or their counsel to testify or to otherwise assist the parties or their counsel in their litigation of this action, Case No. 1:10-CV-00943-RMC; and

(D)     Any witnesses who are testifying during a hearing or at trial in this matter, and any other witness or deponent if such witness or deponent is first shown the protective order and agrees to be bound by it.

In addition, any person listed on the face of a document designated as Confidential under this Order as the author of such document shall be entitled to have access to such document or the information therein, but such person's access is limited to only that document or the information therein, unless such person is also one of the persons described in (A), (B), (C), or (D) of this Section.

8.     **Return of Confidential Items**.  Within forty-five (45) days after entry of an order, judgment, or decree finally terminating this Case No. 1:10-CV-00943-RMC (including any and all appeals), each person to whom documents or information designated as Confidential has been disclosed hereunder shall return all such items, including all copies of such material, to the party or third-party which has produced such items, or, with the prior request of the party or third-party who has produced such items, destroy all such items, including all copies or materials of such material. Upon request of the party or third-party who produced or supplied documents or information designated as Confidential, all counsel of record who received such documents or information shall certify compliance herewith and shall deliver the same to counsel for the party or third-party who produced or supplied the documents or information designated confidential not more than forty-

9

five (45) days after the final resolution of this action.

   9.      **No Waiver of Objections to Admissibility or Use at Trial**.  Neither this Order

nor production of information or documents in discovery in this case, Case No. 1:10-CV-00943-

RMC, shall in any way constitute a waiver of the right of any party to object to the admissibility or

use of such information and documents at the hearing in this case, Case No. 1:10-CV-00943-RMC,

or in other proceedings, and the parties reserve all rights to object.

   10.     **Clawback**.  Pursuant to Rule 26(b)(5)(B), Fed. R. Civ. P., if documents or

information produced in discovery is subject to a claim of privilege or of protection as trial-

preparation material, the party making the claim may notify any party that received the document or

information of the claim and the basis for it.  The notice should be in writing unless the

circumstances preclude it, such as the assertion of the claim during a deposition.  The notice should

be as specific as possible in identifying the document or information and stating the basis for the

claim, so as to enable the receiving party and the Court to understand the basis for the claim and to

determine whether waiver has occurred.  After being notified, a party must, within five (5) business

days, return, sequester, or destroy the specified document or information and any copies it has; must

not use or disclose the document or information until the claim is resolved; must take reasonable

steps to retrieve the document or information if the party disclosed it before being notified; and may

promptly present the document or information to the Court under seal for a determination of the

claim.  The producing party must preserve the document or information until the claim is resolved.

   As provided for in the 2006 Advisory Committee Note to Rule 26, subdivision (b)(5), if the

receiving party presents to the Court the question whether the document or information is

privileged or protected as trial-preparation material or the question whether the privilege or

protection has been waived, the receiving party must provide the Court with the grounds for the

privilege or protection specified in the producing party's notice, and serve all parties. In presenting

the question, the receiving party may use the content of the document or information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility.

     **11.**     **Termination of this Order**.  This Order shall remain in full force and effect unless and until (and to the extent not) modified, superseded, or terminated by consent of the parties or by order of the Court.

     **12.**     **Modifications to this Order**.  Any party or any third-party may move to modify this Order for good cause shown, including without limitation moving to increase restrictions or to add additional restrictions on the use or disclosure of documents or information.  Furthermore, this Order may be amended without leave of the Court by agreement of the parties in the form of a Stipulation filed with the Court.

     **13.**     **Challenge to Confidential Designation**.  Nothing in this Order shall prevent a party, in appropriate circumstances, from seeking a court order to remove documents designated as Confidential from the protection of this Order, or seeking a court order to contest the designation of documents or information as Confidential.

     APPROVED AND SO ORDERED this _2_ day of _/Mll/_, 2011:

_____
Honorable Rosemary M. Collyer
U.S. District Court Judge

Respectfully submitted,

*/s/ Lynne Bernabei*

Lynne Bernabei (D.C. Bar No. 938936)
Alan R. Kabat (D.C. Bar No. 464258)
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
tel. (202) 745-1942
fax (202) 745-2627
Bernabei@BernabeiPLLC.com
Kabat@BernabeiPLLC.com

*Counsel for Plaintiff Caroline Herron*


Ira T. Kasdan (D.C. Bar # 292474)
Joseph D. Wilson (D.C. Bar # 466652)
KELLEY DRYE & WARREN LLP
Washington Harbour
3050 K Street N.W., Suite 400
Washington, D.C.  20007
Phone: (202) 342-8400
Fax: (202) 342-8451
Email: ikasdan@kelleydrye.com
            jwilson@kelleydrye.com

Damien G. Stewart (D.C. Bar # 465266)
FANNIE MAE
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016-2892
202-752-6871 (phone)
703-997-7405 (facsimile)
Email:  damien_g_stewart@fanniemae.com

*Counsel for Defendants Fannie Mae,
Schuppenhauer, Jardini, and Scott Brown*

DC01/WILSJO/446040 2