UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **CAROLINE HERRON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-00943 (RMC) |
| | ) | |
| **FANNIE MAE,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Caroline Herron worked for Fannie Mae as an employee and then as a contractor until she was terminated in January 2010, allegedly because she complained "about how Fannie Mae was (1) implementing its role to assist the Department of the Treasury ('Treasury') in modifications of home mortgage loans, (2) engaging in a gross waste of public funds, and (3) violating its contract with Treasury." Compl. ¶ 1. Fannie Mae and the individual Defendants, all present or former Fannie Mae executives, renew their motion to dismiss Ms. Herron's suit. They argue that Ms. Herron's claims are barred because the False Claims Act, 31 U.S.C. § 3729, provides the comprehensive and exclusive means by which her alleged rights might be remedied.

The motion to dismiss will be denied. The parties' arguments confuse legal concepts pertaining to Fannie Mae depending on whether it is/was a private employer or a federal agency, as alleged in the alternative in the Complaint. Further, the Complaint allegations do not clearly present a False Claims Act claim, no matter how Ms. Herron might have phrased her arguments in her brief, and it is the Complaint that governs ruling on a motion to dismiss.

The outstanding issue that will govern this case and that cannot be decided without

a fact record is whether Fannie Mae is, or was at the relevant time period, a "private" actor or a "federal" actor. In other litigation, the government appears to have argued that Fannie Mae is a federal actor; before this Court, Fannie Mae tries to distance itself from those arguments but neither agrees nor disagrees with it. This is what discovery will resolve.

The Court already denied a defense motion to dismiss because critical facts remain in dispute. That conclusion remains as accurate now as it was a few weeks ago, despite Defendants' renewed motion to dismiss. Given the uncertainty of Fannie Mae's posture, discovery will be limited to resolving its status as either a private or state actor at the critical time(s). Once that issue is resolved, the nature of Plaintiff's claims, if any, will be more readily defined.

The parties will meet and confer and propose a brief discovery schedule, limited to, and designed to, determine Fannie Mae's status at the time(s) in question. A joint discovery proposal shall be filed with the Court no later than May 16, 2011. Accordingly, it is hereby

**ORDERED** that Defendants' Second Motion to Dismiss [Dkt. # 33] is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiff's Motion to Strike [Dkt. # 38] is **DENIED**; and it is

**FURTHER ORDERED** that the parties will meet and confer and file a joint proposed discovery schedule to determine the status of Fannie Mae at the time(s) in question by May 16, 2011.

**SO ORDERED.**

Date: May 5, 2011                              /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge