UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                           )
**CAROLINE HERRON,**                        )
                                           )
          **Plaintiff,**                   )
                                           )
     v.                                )        Civil Action No. 10-00943 (RMC)
                                           )
**FANNIE MAE,** *et al.*,               )
                                         )
          **Defendants.**              )
_____)

## MOTION OF THE FEDERAL HOUSING FINANCE AGENCY TO INTERVENE AND TO STAY THESE PROCEEDINGS FOR AT LEAST 21 DAYS

      The Federal Housing Finance Agency ("FHFA" or "Conservator"), in its capacity as Conservator for the Federal National Mortgage Association ("Fannie Mae"), hereby respectfully moves to intervene in this matter and to stay these proceedings for at least 21 days, beginning on May 13, 2011. Further, the Conservator respectfully notifies the Court and the parties of the Conservator's intent to attend, and (unless the Court directs otherwise) to participate in, the status conference presently scheduled for May 23, 2011. This Motion is supported by the attached Memorandum of Points and Authorities. Counsel for the Conservator contacted counsel for each party concerning this motion earlier today. Counsel for Plaintiff did not consent to the motion. Counsel for Fannie Mae has represented to counsel for the Conservator that Fannie Mae consents to the motion.

Dated: May 12, 2011          Respectfully Submitted:

                          /s/
Howard N. Cayne (D.C. Bar # 331306)
Asim Varma (D.C. Bar # 426364)
Michael A.F. Johnson (D.C. Bar #460879)
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004
T: 202-942-5000
F: 202-942-5999
Email: howard.cayne@aporter.com

Stephen E. Hart
FEDERAL HOUSING FINANCE AGENCY
1700 G Street, NW
Washington, DC 20552
Telephone: 202-414-3800
Facsimile: 202-414-6504

*Attorneys for the Federal Housing Finance Agency*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**CAROLINE HERRON,**                )
                                    )
      **Plaintiff,**          )
                                    )
    v.                            )    Civil Action No. 10-00943 (RMC)
                                    )
**FANNIE MAE,** *et al.***,**      )
                                    )
      **Defendants.**         )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
THE FEDERAL HOUSING FINANCE AGENCY TO INTERVENE AND TO STAY
THESE PROCEEDINGS FOR AT LEAST 21 DAYS**

The Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for the Federal National Mortgage Association ("Fannie Mae"), hereby respectfully exercises its statutory right to intervene in this matter. *See* 12 U.S.C. § 4617(b)(2)(A)(i) (FHFA as Conservator succeeds to "all rights, titles, powers, and privileges" of Fannie Mae); *see also* Fed. R. Civ. P. 24(a)(1) ("the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute.")  In the alternative, FHFA seeks intervention of right under Fed. R. Civ. P. 24(a)(2) and permissive intervention under Fed. R. Civ. P. 24(b).  The Conservator's participation will aid the parties and the Court in resolving the issues presented in this action, including the issue of Fannie Mae's status vis-à-vis the federal government as it relates to plaintiff's claims.

    The Conservator also respectfully requests that the Court exercise its discretion to stay these proceedings, including all discovery activity but excepting the status conference currently scheduled for May 23, 2011, for at least 21 days.  A limited stay would allow the Conservator

1

sufficient time to assess the status of this litigation and to consider the proper exercise of its rights and powers with respect to the claims asserted in this matter.

Finally, the Conservator respectfully notifies the Court and the parties of the Conservator's intent to attend, and (unless the Court directs otherwise) to participate in, the status conference presently scheduled for May 23, 2011.

## STATEMENT OF FACTS

### A. Fannie Mae

The parties and the Court are familiar with Fannie Mae, which is one of the nation's two largest housing finance institutions (the other being the Federal Home Loan Mortgage Corporation, or "Freddie Mac"). Fannie Mae was established as a government agency in 1938 to create a secondary market for residential loans jointly guaranteed by the Federal Housing Administration ("FHA") and the Department of Veterans Affairs. In 1968, Fannie Mae was converted from a government agency into a government-sponsored entity, and its charter was expanded to include all types of residential loans.

### B. The Federal Housing Finance Agency

The Federal Housing Finance Agency was established as an independent federal agency by the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. 110-289, 122 Stat. 2654, which Congress enacted on July 30, 2008. FHFA replaced the Office of Federal Housing Enterprise Oversight as the sole regulatory and oversight authority for Fannie Mae and Freddie Mac. As regulator, FHFA was charged with, among other things, examining the financial safety and soundness and overall management practices of Fannie Mae and Freddie Mac. 12 U.S.C. § 4513(a)(1)(B)(i).

### C.      The FHFA Conservatorship Appointment

On September 6, 2008, pursuant to HERA, FHFA's Director placed Fannie Mae and Freddie Mac into conservatorship to preserve and conserve their assets and property and to rebuild them into sound and solvent companies.  *See* 12 U.S.C. § 4617(a) (granting the Director of FHFA the authority to place Fannie Mae and Freddie Mac into conservatorship or receivership).  The conservatorship is responsible for restoring investor and public confidence in Fannie Mae and Freddie Mac, enhancing their capacity to fulfill their congressional mandates vis-à-vis the secondary mortgage markets, and mitigating systemic risk in those markets.  *See* Fed. Hous. Fin. Agency, Fact Sheet: Questions and Answers on Conservatorship at 2, *available at* http://www.fhfa.gov/webfiles/35/FHFACONSERVQA.pdf; *see also* Fannie Mae, Current Report (Form 8-K) at 4 (Sept. 11, 2008).

In its capacity as Conservator, FHFA has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and its stockholders.  *See* 12 U.S.C. § 4617(b)(2)(A)(i).  Accordingly, the Conservator is authorized to participate, at its discretion, in litigation involving Fannie Mae in a manner consistent with the Conservator's duties.  In addition, FHFA is empowered as Conservator to "take such action as may be (i) necessary to put [Fannie Mae] in a sound and solvent condition, and (ii) appropriate to . . . preserve and conserve the assets and property of [Fannie Mae]," 12 U.S.C. § 4617(b)(2)(A)(i), and to "take over the assets of and operate [Fannie Mae] with all the powers of the shareholders, the directors, and the officers of [Fannie Mae] and conduct all business of [Fannie Mae]," 12 U.S.C. § 4617(b)(2)(B)(i).  To provide the Conservator with the broadest possible latitude to operate the Enterprises and preserve and conserve their assets without interference, Congress expressly precluded judicial review of the Conservator's statutorily authorized activities: "Except as provided in this section or at the

request of the Director, no court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator or a receiver." *Id.* § 4617(f).

## ARGUMENT

I. **THE CONSERVATOR SHOULD BE ALLOWED TO INTERVENE IN THIS MATTER**

The Conservator's intervention into this action is proper under any of three provisions of the Federal Rules of Civil Procedure — Rule 24(a)(1), Rule 24(a)(2), or Rule 24(b).

   A. **The Conservator Has an Unconditional Federal Statutory Right to Intervene**

FHFA's motion to intervene should be granted under Federal Rule of Civil Procedure 24(a)(1) because HERA grants FHFA, as Conservator of Fannie Mae, an unconditional statutory right to intervene. As Conservator, FHFA has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae, including its right to sue and be sued in federal court. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Accordingly, FHFA has an unconditional federal statutory right to intervene in this matter. *See* Fed. R. Civ. P. 24(a)(1) ("On timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute."). This court and other courts have consistently recognized FHFA's statutory right to intervene under 12 U.S.C. § 4617(b)(2)(A)(i) in cases involving Fannie Mae. *See, e.g.*, Minute Order, *In re Fannie Mae Secs. Litig.*, No. 1:04-cv-01639-RJL (D.D.C. Nov. 5, 2008) (granting FHFA's motion to intervene under 12 U.S.C. § 4617(b)(2)(A)(i)); Order, *Lopez, et al. v. Executive Tr. Servs., et al.*, No. 3:09-cv-00180 (D. Nev. Jan. 13, 2010) ("Under 12 U.S.C. § 4617(b)(2)(A)(1) the FHFA has a right to intervene in this matter."); Order, *Goodwin, et al. v. Executive Tr. Servs., et al.*, No. 3:09-cv-00306 (D. Nev. Jan. 11, 2010) ("Under 12 U.S.C. § 4617(b)(2)(A)(1) the FHFA

succeeded to all rights, titles, powers, and privileges of Fannie Mae and [Freddie] Mac, giving FHFA a right to intervene in this matter.").[1]

### B. Alternatively, the Conservator Has a Right to Intervene Due to Its Interest in the Subject of This Action

Furthermore, intervention is appropriate under Federal Rule of Civil Procedure 24(a)(2), which states that "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." As Conservator of Fannie Mae, FHFA has an interest relating to the transaction that is subject to this action. Furthermore, the Conservator is uniquely well situated to provide information about the relationship between Fannie Mae and the federal government, thereby addressing an issue the Court has identified as potentially significant: "whether Fannie Mae is, or was at the relevant time period, a 'private' actor or a 'federal' actor." Order at 1-2, *Herron v. Fannie Mae*, No. 1:10-cv-00943-RMC (D.D.C. May 5, 2011).

### C. Alternatively, the Conservator Should Be Granted Permissive Intervention into This Action

Additionally, intervention is appropriate pursuant to Federal Rule of Civil Procedure 24(b), which permits intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." FHFA intends to introduce federal defenses to

---

[1] No court has ever denied on the merits a request by FHFA to intervene as Conservator of Fannie Mae or Freddie Mac. *See, e.g. Agnes v. Raines*, No. 1:08-cv-01093-RJL (D.D.C. Jan. 22, 2009); *In re G-Fees Antitrust Litig.*, No. 1:05-cv-00114-RWR (D.D.C. Nov. 17, 2008); *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, No. 2:09-md-02119 (D. Ariz. Apr. 12, 2010); *Cervantes v. Countrywide Home Loans, Inc.*, No. 09-17364 (9th Cir. Mar. 12, 2010); *Kuriakose v. Freddie Mac*, No. 1:08-cv-07281 (S.D.N.Y. Feb. 6, 2009); *Ohio Pub. Employees Ret. Sys. v. Freddie Mac*, No. 4:08-cv-00160 (N.D. Ohio Nov. 19, 2008).

this action that share a common question of law or fact with the main action.  For example (and with the caveat that the Conservator's evaluation of the claims and potential defenses is ongoing), the Conservator may assert that 12 U.S.C. §§ 4617(f) and 4617(j)(4) bar plaintiff's claims for injunctive relief and punitive damages respectively.

## II. A STAY OF THESE PROCEEDINGS OF AT LEAST 21 DAYS WILL ALLOW THE CONSERVATOR AN OPPORTUNITY TO EVALUATE THE ISSUES IN THIS MATTER

The Conservator respectfully requests that all proceeding in this action, with the exception of the status conference scheduled for May 23, 2011, be stayed for a period of at least 21 days.  Such a stay would permit the Conservator a reasonable opportunity to assess the principal issues presented at this stage, including the "outstanding issue" that the Court has identified as potentially "govern[ing] this case" — whether "Fannie Mae is, or was at the relevant time period, a 'private' actor or a 'federal' actor."  Order at 1-2, *Herron v. Fannie Mae*, No. 1:10-cv-00943-RMC (D.D.C. May 5, 2011).  FHFA believes that its participation will assist the Court in determining the significance and proper resolution of that and other issues, which could streamline issues for discovery and thereby affect the discovery schedule that the parties are currently required to propose on May 16, 2011.  Hence, a stay that of that deadline in particular would benefit the Court and the other parties, as it may eliminate the need for extensive and burdensome discovery, and would in any event allow all discovery to proceed on a coordinated schedule.

This Court has the authority to order a stay of proceedings at any time that circumstances dictate.  *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988) ("There is no question of the District Court's authority to order a stay.")  The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n.6 (1998) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *see also McSurely v. McClellan*, 426 F.2d 664, 671 (D.C. Cir. 1970) ("Of course the District Court has a broad discretion in granting or denying stays so as to coordinate the business of the court efficiently and sensibly." (internal quotations and citations omitted)); *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp. 2d 1, 2 (D.D.C. 2007).  Whether a court grants a party's request for a stay is "left to the sound discretion of the court, in light of the particular circumstances of the case." *United States ex rel. Westrick v. Second Chance*, No. 04-280, 2007 U.S. Dist. LEXIS 23917, at *7 (D.D.C. Mar. 31, 2007) (quotation marks and citation omitted).

FHFA's motion for a stay is consistent with 12 U.S.C. § 4617(b)(10), which provides that "[a]fter the appointment of a conservator or receiver for a regulated entity [such as Fannie Mae], the conservator or receiver may, in any judicial action or proceeding to which such regulated entity is or becomes a party, request a stay for a period not to exceed--(i) 45 days in the case of any conservator. . . ." 12 U.S.C. § 4617(b)(10)(A).  Upon receipt of such a request, "the court shall grant such stay as to all parties." 12 U.S.C. § 4617(b)(10)(B).  Without waiving its prerogative to invoke that statutory authority, at this stage the Conservator respectfully requests that the Court exercise its discretion to grant a stay.

**III.   A REPRESENTATIVE OF THE CONSERVATOR WILL ATTEND THE MAY 23, 2011 STATUS CONFERENCE AND WILL BE PREPARED TO ADDRESS DISCOVERY ISSUES**

The Conservator has been informed that a status conference has been scheduled for May 23, 2011, and that a schedule for certain discovery activity is presently being discussed by the

parties. A representative of the Conservator will attend the May 23 status conference, and will be prepared to present the Conservator's views as to the appropriate scope and timing of discovery.

## **CONCLUSION**

For the foregoing reasons, the motion of FHFA, as Conservator for Fannie Mae, should be granted in its entirety.

Dated: May 12, 2011                                   Respectfully Submitted:

                                                               /s/
Howard N. Cayne (D.C. Bar # 331306)
Asim Varma (D.C. Bar # 426364)
Michael A.F. Johnson (D.C. Bar #460879)
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004
T:  202-942-5000
Email:  howard.cayne@aporter.com

Stephen E. Hart
FEDERAL HOUSING FINANCE AGENCY
1700 G Street, NW
Washington, DC 20552
Telephone: 202-414-3800
Facsimile: 202-414-6504

*Attorneys for the Federal Housing Finance Agency*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
**CAROLINE HERRON,**                        )
)
       **Plaintiff,**                )
)
   **v.**                                   )   Civil Action No. 10-00943 (RMC)
)
**FANNIE MAE,** *et al.***,**               )
)
       **Defendants.**               )
_____)

**[PROPOSED] ORDER**

    Upon consideration of the Motion of the Federal Housing Finance Agency and to Stay These Proceedings for at Least 21 Days and the accompanying Memorandum of Points and Authorities in Support Thereof, the Court hereby grants FHFA's motion to intervene and orders that these proceedings, with the exception of the status conference scheduled for May 23, 2011, be stayed for ___ days.  Moreover, the May 16 deadline for a discovery schedule shall be vacated.  A representative of the Conservator shall attend and participate in the status conference set for May 23, 2011.

DATED:                                                        _____
                                                          ROSEMARY M. COLLYER
                                                          United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May 2011, I caused the foregoing to be electronically filed by sending a pdf to dcd_cmecf@dcd.uscourts.gov and to be served by sending pdf copies via e-mail, and hardcopies via U.S. Mail (postage prepaid), to counsel of record for plaintiff and defendants at the addresses below:

Lynne Bernabei
Dave Wachtel
Alan Kabat
BERNABEI & WACHTEL, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
Bernabei@BernabeiPLLC.com

Ira T. Kasdan
Joseph D. Wilson
Veronica D. Jackson
KELLEY DRYE & WARREN LLP
3050 K Street N.W., Suite 400
Washington, D.C. 20007
ikasdan@kelleydrye.com

Damien G. Stewart
FANNIE MAE
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016-2892
damien_g_stewart@fanniemae.com

_____/s_____
Michael A.F. Johnson