UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CAROLINE HERRON,

      Plaintiff,

    v.

FANNIE MAE, *et al.*,

      Defendants.
_____

Civil Action No. 10-00943 (RMC)

### INTERVENOR FEDERAL HOUSING FINANCE AGENCY'S MOTION FOR JUDICIAL NOTICE OF DOCUMENTS CITED IN FHFA'S MOTION TO DISMISS

Pursuant to Federal Rule of Evidence 201, Intervenor Federal Housing Finance Agency ("FHFA") respectfully moves that the Court take judicial notice of the documents attached as Exhibits 1-12 to the Varma Declaration in Support of FHFA's Motion to Dismiss.

### ARGUMENT

Federal Rule of Evidence 201 provides that, "if requested by a party and supplied with the necessary information," a court "shall" take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), (d). "A court may take judicial notice of a matter of public record without converting a motion to dismiss into a motion for summary judgment." *Antoine v. U.S. Bank Nat'l Ass'n*, 547 F. Supp. 2d 30, 38 n.3 (D.D.C. 2008); *see also Papasan v. Allain*, 478 U.S. 265 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our

1

review of the complaint from taking notice of items in the public record . . . ."); *Wise v. Glickman*, 257 F. Supp. 2d 123, 129 n.5 (D.D.C. 2003) ("The Court is "allowed to take judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation without triggering the conversion requirement." (quoting *Jane Does I Through III v. District of Columbia*, 238 F. Supp. 2d 212, 216 (D.D.C. 2002))); *Savage v. Scales*, 310 F. Supp. 2d 122, 129 & n.8 (D.D.C. 2004) (on a motion to dismiss, "'the court may take judicial notice of' public documents, 'even if they are not included in, or attached to the complaint.'" (quoting *Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001))).

All of the documents attached as Exhibits 1-12 to the Varma Declaration in Support of FHFA's Motion to Dismiss are public records capable of accurate and ready determination, and FHFA has attached the necessary information. Specifically, Exhibits 1-12 are all public records of federal agencies that are publicly available on their websites.[1] Courts routinely take notice of the existence of statements in government agency documents, especially those that are publicly available on a government agency website. *See, e.g.*, *Hamilton v. Paulson*, 542 F. Supp. 2d 37, 52 n.15 (D.D.C. 2008) ("due to the fact that the document is located on the website for the United States Office of Personnel Management, it is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,' and

---

[1] Exhibit 2 is a Form 10-K that is publicly available on the Securities and Exchange Commission's website (EDGAR) and was drafted by Fannie Mae. Exhibit 10 is the original Senior Preferred Stock Purchase Agreement entered by Treasury and Fannie Mae, which was attached as an exhibit to a Form 8-K that is publicly available on the Securities and Exchange Commission's website (EDGAR). "Because SEC filings are matters of public record, they are properly the subject of judicial notice, and therefore the Court may . . . consider them on review of defendants' motions to dismiss." *DiLorenzo v. Norton*, No. 07-144 (RJL), 2009 WL 2381327, at *2 n.7 (D.D.C. July 31, 2009) (citing *Marshall County Health Care Auth. v. Shalala,* 988 F.2d 1221, 1226 n.6 (D.C.Cir.1993); *In re CNET Networks, Inc., * 483 F.Supp.2d 947, 953-54 (N.D. Cal. 2007)).

therefore subject to judicial notice by the Court." (quoting Fed. R. Evid. 201(b))); *Seifert v. Winter*, 555 F. Supp. 2d 3, 4 n.5 (D.D.C. 2008) (taking judicial notice of a manual available to the public at the website of the Judge Advocate General for the Navy); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (documents recorded by the Patent & Trademark Office are public records subject to judicial notice on a motion to dismiss).  Therefore, FHFA requests that this Court take judicial notice that the quoted agencies and individuals made the statements that appear in the attached exhibits, all of which are true and correct copies of government agency documents that are available on the agencies' websites.

- **Exhibit 1** - Attached to the Varma Declaration as **Exhibit 1** is a true and correct copy of the Statement of Edward J. DeMarco, Acting Director, Federal Housing Finance Agency, Before the U.S. House of Representatives Subcommittee on Capital Markets, Insurance, and Government-Sponsored Enterprises, "Transparency, Transition and Taxpayer Protection: More Steps to End the GSE Bailout" (May 25, 2011), *available at* http://www.fhfa.gov/webfiles/21318/Demarcotestimony52511.pdf.

- **Exhibit 2** - Attached to the Varma Declaration as **Exhibit 2** is a true and correct copy of pages i-ii, 19-20, 36-48, 59-67, and 160-61 of Fannie Mae's Annual Report (Form 10-K) for the fiscal year ended December 31, 2005 (filed May 2, 2007).

- **Exhibit 3** - Attached to the Varma Declaration as **Exhibit 3** is a true and correct copy of the Statement of James B. Lockhart III, FHFA Director, Before the House Financial Services Committee Subcommittee on Capital Markets, Insurance and Government Sponsored Enterprises, The Present Condition and Future Status of Fannie Mae and Freddie Mac (June 3, 2009), *available at* http://www.fhfa.gov/webfiles/2708/FHFA_Director's_Testimony_Final.pdf.  This

Statement is cited in the parties' Agreed-Upon Stipulations at ¶¶ 72-82, but FHFA requests judicial notice because its Motion to Dismiss quotes a portion of this Statement that is not quoted in the Stipulations.

- **Exhibit 4** - Attached to the Varma Declaration as **Exhibit 4** is a true and correct copy of pages i-viii and 1-35 of FHFA, Report to Congress 2009 (May 25, 2010), *available at* http://www.fhfa.gov/webfiles/15784/FHFAReportToCongress52510.pdf.

- **Exhibit 5** - Attached to the Varma Declaration as **Exhibit 5** is a true and correct copy of pages i-vii and 1-8 of FHFA, Report to Congress 2010 (June 13, 2011), *available at* http://www.fhfa.gov/webfiles/21572/FHFA2010_RepToCongress6_13_11.pdf.  This Report is cited in the parties' Agreed-Upon Stipulations at ¶¶ 170-72, but FHFA requests judicial notice because its Motion to Dismiss quotes a portion of this Report that is not quoted in the Stipulations.

- **Exhibit 6** - Attached to the Varma Declaration as **Exhibit 6** is a true and correct copy of Statement of Edward J. DeMarco Before the U.S. House of Representatives Subcommittee on Capital Markets, Insurance, and Government-Sponsored Enterprises, "Legislative Proposals: Overhaul of Housing-Related Government-Sponsored Enterprises" (Mar. 31, 2011), *available at* http://www.fhfa.gov/webfiles/20687/DeMarco_testimony_for_3-31-11_final.pdf.  This Statement is cited in the parties' Agreed-Upon Stipulations at ¶¶ 131-37, but FHFA requests judicial notice because its Motion to Dismiss quotes a portion of this Statement that is not quoted in the Stipulations.

- **Exhibit 7** - Attached to the Varma Declaration as **Exhibit 7** is a true and correct copy of FDIC Resolution Handbook, Ch. 7, pp. 67-75, *available at* http://www.fdic.gov/bank/historical/reshandbook/ch7recvr.pdf.

- **Exhibit 8** - Attached to the Varma Declaration as **Exhibit 8** is a true and correct copy of the website: Department of the Treasury, About Financial Stability, http://www.treasury.gov/initiatives/financial-stability/about/procurement/faa/Pages/faa.aspx, as it appeared on June 27, 2011.

- **Exhibit 9** - Attached to the Varma Declaration as **Exhibit 9** is a true and correct copy of page 100 of FDIC, 2008 Annual Report (June 4, 2009), *available at* http://www.fdic.gov/about/strategic/report/2008annualreport/ARfinal.pdf.

- **Exhibit 10** - Attached to the Varma Declaration as **Exhibit 10** is a true and correct copy of the September 7, 2008 version of the Senior Preferred Stock Purchase Agreement between the Department of the Treasury and Federal National Mortgage Association, acting through the Conservator.  This version of the Agreement is publicly available as Exhibit 4.1 of the Form 8-K that Fannie Mae filed with the SEC on September 11, 2008.

- **Exhibit 11** - Attached to the Varma Declaration as **Exhibit 11** is a true and correct copy of the Amendment to Amended and Restated Senior Preferred Stock Purchase Agreement (May 6, 2009), *available at* http://www.treasury.gov/press-center/press-releases/Documents/seniorpreferredstockpurchaseagreementfnm1.pdf.  FHFA does not cite this document in its Motion to Dismiss, but is attaching it for completeness.  The attached document became the operative version of the Senior Preferred Stock Purchase Agreement on May 6, 2009 and will again be the operative version after the Second Amendment to the Agreement (see Exhibit 12) expires on December 12, 2012.

- **Exhibit 12** - Attached to the Varma Declaration as **Exhibit 12** is a true and correct copy of the Second Amendment to Amended and Restated Senior Preferred Stock Purchase Agreement (Dec. 24, 2009), *available at* http://www.treasury.gov/initiatives/financial-stability/housing-programs/mha/Documents/Fannie.pdf.  FHFA does not cite this document in its Motion to Dismiss, but is attaching it for completeness.  The attached document modifies the previous versions of the Stock Purchase Agreement and will remain operative until December 12, 2012.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the documents attached as Exhibits 1-12.


Dated:  June 27, 2011              Respectfully submitted:


   /S/
Howard N. Cayne (D.C. Bar # 331306)
Asim Varma (D.C. Bar # 426364)
Michael A.F. Johnson (D.C. Bar # 460879)
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, DC  20004
Telephone:  202-942-5000
Facsimile:  202-942-5999
Email:  howard.cayne@aporter.com

Stephen E. Hart (D.C. Bar # 033379)
FEDERAL HOUSING FINANCE AGENCY
1700 G Street, N.W.
Washington, DC  20552
Telephone: 202-414-3800
Facsimile: 202-414-6504

*Attorneys for the Federal Housing Finance Agency*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 27th day of June 2011, I caused the foregoing to be electronically filed using this Court's ECF system, which will then send a notification of such filing by electronic mail to counsel of record for plaintiff and defendants:

Lynne Bernabei
David Wachtel
Alan Kabat
BERNABEI & WACHTEL, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124

Ira T. Kasdan
Joseph D. Wilson
Brooke Fineberg
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C. 20007

Damien G. Stewart
FANNIE MAE
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016-2892

_____/s/_____
Michael A.F. Johnson