UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAROLINE HERRON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 10-943 (RMC) |
| FANNIE MAE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Caroline Herron worked for Fannie Mae as an employee and then as a contractor until she was terminated in January 2010, allegedly because she complained "about how Fannie Mae was (1) implementing its role to assist the Department of the Treasury . . . in modifications of home mortgage loans, (2) engaging in a gross waste of public funds, and (3) violating its contract with Treasury." Compl. ¶ 1. Ms. Herron pleads in the alternative. If Fannie Mae is considered a private employer, Ms. Herron brings claims of wrongful discharge and tortious interference. If Fannie Mae is a government actor, Ms. Herron asserts a First Amendment claim under *Bivens*.[1] Defendants have filed motions to dismiss the *Bivens* claim, and related to that dispute, the parties have filed motions for judicial notice. The motion for judicial notice filed by the Federal Housing Finance Agency ("FHFA") will be granted. Plaintiffs' motion for judicial notice will be granted in part and denied in part.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), established that an individual may bring a suit for damages against a federal officer, in his individual capacity, for violation of a constitutional right.

Federal Rule of Evidence 201 provides that a court may judicially notice a fact that is not subject to "reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice at any stage in a case. Fed. R. Evid. 201(d). Further, a court may take judicial notice of a matter of public record without converting a motion to dismiss into a motion for summary judgment. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (in deciding a motion to dismiss for failure to state a claim, a court can consider facts in complaint and matters of which it may take judicial notice); *see Covad Commc'ns Co. v. Bell Atlantic Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (judicial notice taken of facts contained in public records of other proceedings); *Hamilton v. Paulson*, 542 F. Supp. 2d 37, 52 n.15 (D.D.C. 2008) (judicial notice may be taken of public records and government documents available from reliable sources on the internet), *rev'd on other grounds*, 666 F.3d 1344 (D.C. Cir. 2012). Specifically, a court may take judicial notice of historical, political, or statistical facts, or any other facts that are verifiable with certainty. *Mintz v. FDIC*, 729 F. Supp. 2d 276, 278 n.2 (D.D.C. 2010). The matter to be noticed must be relevant. *See Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011).

The FHFA asks that the Court take judicial notice of certain public records of federal agencies that are available on the agencies' websites. *See* FHFA's Mot. for Judicial Notice [Dkt. # 51], Varma Decl., Exs. 1-12. Plaintiff does not object to the FHFA's motion on the condition that the FHFA consent to Plaintiff's motion for judicial notice. The FHFA consents only in part to Plaintiff's motion, as discussed below. Even so, because the public records of federal agencies are a proper subject of judicial notice and because Plaintiff mounts no substantive objection to judicial

notice of these records, the FHFA's motion will be granted.

Plaintiff requests that the Court take notice of (1) a July 15, 2008 SEC Emergency Order; (2) certain statements made by President George W. Bush in his memoir "Decision Points;" and (3) certain statements made by former Secretary of the Treasury Henry M. Paulson, Jr., in his memoir "On the Brink." Pl.'s Mot. for Judicial Notice [Dkt. #56], Kabat Decl., Exs. 1-3. With regard to the first document, the FHFA consents to judicial notice and judicial notice will be granted. Agency orders are public records and a proper subject of judicial notice. With regard to the statements made by former President Bush and former Secretary Paulson, Plaintiff cites excerpts from those memoirs in order to show that when the FHFA and the Department of Treasury imposed conservatorship and a Treasury funding program on Fannie Mae, they did so without Fannie Mae's advance knowledge or consent. Judicial notice of these statements will be denied.

Plaintiff seeks judicial notice of a portion of President Bush's memoir where he recalled a conversation with Mr. Paulson regarding whether Fannie Mae consented to the imposition of conservatorship as follows:

> "Do they know it's coming, Hank?"
>
> "Mr. President," he replied, "we're going to move quickly and take them by surprise. The first sound they'll hear is their heads hitting the floor."

Kabat Decl., Ex. 2 at 1. But in another part of the memoir, President Bush wrote that "[i]t was up to Hank and [then FHFA Director] Jim [Lockhart] to persuade the boards of Fannie and Freddie to swallow this medicine." FHFA's Opp. [Dkt. # 59], Ex. B at 673. The conversation that former President Bush recalls lacks clear meaning, and the statements made lack declaratory value. The Court cannot take judicially notice of any fact from this conversation.

Plaintiff also seeks judicial notice of a portion of Mr. Paulson's memoir. Mr. Paulson recounted the same conversation with President Bush and further described that he proposed that "we seize control of the companies [Fannie Mae and Freddie Mac]" and that "I knew we had to ambush them." Pl.'s Mot. for Judicial Notice [Dkt. #56], Ex. C at 1. Mr. Paulson further recalled that he and others operated in secrecy for several weeks; recommended conservatorship at a meeting attended by Fannie Mae and Freddie Mac's chief executive officers; and planned to attend their board meetings the next day to announce that Fannie Mae and Freddie Mac were being put into conservatorship. *Id*. at 8. The FHFA points out that Mr. Paulson indicated in another portion of his memoir that Fannie Mae's board of directors "agreed" to the conservatorship. Mr. Paulson wrote, "[O]n Saturday, September 6, we met with their boards, which agreed to the takeover, and on Sunday, we announced that we had placed Fannie Mae and Freddie Mac into conservatorship." FHFA's Opp. [Dkt. # 59], Ex. A at 170. Mr. Paulson's memoir is open to various interpretations. Accordingly, the Court cannot take judicial notice of any particular fact from Mr. Paulson's memoir.

Accordingly, it is hereby

**ORDERED** that the FHFA's motion for judicial notice [Dkt. # 51] is **GRANTED**; and it is

**FURTHER ORDERED** that the Court takes judicial notice of Exhibits 1-12 attached to the Varma Declaration, filed with FHFA's motion for judicial notice [Dkt. # 51]; and it is

**FURTHER ORDERED** that Plaintiff's motion for judicial notice [Dkt. #56] is **GRANTED in part and DENIED in part**; and it is

**FURTHER ORDERED** that the Court takes judicial notice of Exhibit 1 (the 2008 SEC Emergency Order) attached to the Kabat Declaration, filed with Plaintiff's motion for judicial

notice [Dkt. #56]; and it is

**FURTHER ORDERED** that the Court will <u>not</u> take judicial notice of Exhibits 2 and 3 attached to the Kabat Declaration (the excerpts of memoirs of President George W. Bush and Henry M. Paulson, Jr.), filed with Plaintiff's motion for judicial notice [Dkt. #56].

Date: March 28, 2012                                  /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge