**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CAROLINE HERRON, | ) |
| | ) |
| | ) Civil Action No. 10-943 (RMC) |
| Plaintiff, | ) |
| | )  ECF |
| v. | ) |
| | ) |
| FANNIE MAE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF RESTORATION OF APPROPRIATIONS**
**TO THE DEPARTMENT OF JUSTICE AND**
**STATUS REPORT BY THE TREASURY**

The United States Department of the Treasury (Treasury), by and through undersigned counsel, hereby (1) notifies the Court that appropriations for the Department of Justice have been restored and (2) files this status report. On Monday, September 30, 2013, this Court set a continued status hearing for Tuesday, October 22, 2013. *See* Minute Order dated September 30, 2013. Several hours later, at the end of the day on September 30, 2013, the appropriations act that had been funding the Department of Justice expired. Thus, appropriations to the Department of Justice lapsed. The same was true for most Executive agencies. Congress did not pass a continuing resolution to fund much of the federal government until late in the evening of Wednesday, October 16, 2013, and the federal government reopened the next day. Undersigned counsel was unable to work on any cases, including his representation of Treasury in this matter during the period of the government shutdown.

During the shutdown, an Assistant United States Attorney in the Civil Division of the Office of the United States Attorney's Office unsuccessfully attempted to obtain the consent of the

parties to continue the October 22, 2013 status hearing.[1] Because of the government shutdown, undersigned counsel has not been able to review the various status reports filed by the parties to the underlying litigation and Treasury submits that it would therefore be appropriate for the Court to address any discovery disputes between the parties (as opposed to Treasury, as a non-party) at the status hearing, which appears to be the primary concern raised in response to the government's request for a continuance of the hearing.[2]

However, Treasury does wish to advise the Court of the status of its processing of documents and its need for a protective order in this case. First, as Treasury has previously advised the Court, it has complied with the Court's May 28, 2013 Minute Order. Specifically, on July 26, 2013, Treasury filed a notice of compliance advising the Court that it had completed "its review and production of [electronic] documents" that have been set aside as potentially privileged by Fannie Mae as of July 18, 2013. *See* ECF No. 98. The Court's May 28, 2013 Minute Order amended the Court's November 8, 2012 Minute Order, which resulted in Treasury's appearance as a non-party in this litigation and provided as follows:

---

[1] Undersigned was designated as an excepted employee in the Civil Division for the first week of the government shutdown for the limited purpose of reviewing the District Court docket for deadlines falling with the period of the government shutdown and requesting a stay of those deadlines until funding for federal government operations after September 30, 2013 was approved. Additional Civil Division employees were thereafter designated as substitute excepted employees for the remainder of the shutdown, again for the limited purpose of monitoring deadlines and seeking extensions as the deadlines approached and the shutdown continued. When the shutdown moved into its third week, an excepted Civil Division employee sought consent to continue the hearing, but Plaintiff, through counsel, would not consent.

[2] Treasury is not a party to this lawsuit, nor has Plaintiff asserted that it is liable for any of the claims asserted in this action.

> As stated in the telephone conference call held today, Defendants shall produce all documents with respect to which there is no privilege question no later than November 30, 2012; Defendants shall produce all non-privileged documents that are in the category of documents they have identified as possibly privileged no later than December 31, 2012. It is FURTHER ORDERED that Defendants shall notify the Court, no later than November 15, 2012, when the Department of Treasury will review documents Defendants have identified as possibly privileged. A further telephonic status conference is scheduled for December 13, 2012, at 2 p.m.

*Id.* Treasury has also produced "privilege logs" for all such documents designated as privileged by Treasury and withheld in part or in full from the non-privileged documents produced by Fannie Mae from the electronic database. The privilege logs have been marked Confidential in accordance with the Stipulated Confidentiality Agreement and Protective Order entered by this Court on May 2, 2011 (ECF No. 44).

Second, Treasury committed substantial resources over an eight-month period of time to comply with the Court's July 18, 2013 deadline and processed approximately 5,000 records for privilege. Treasury was not given access to any other documents responsive to discovery requests propounded by Plaintiff Caroline Herron before the Court-imposed July 18, 2013 deadline. Nor was Treasury given any basis to believe that it would be required to review any additional documents for privilege after that deadline. Accordingly, Treasury will request that the Court enter an order that it does not waive any privilege it may have with respect to documents not set aside as potentially privileged by Fannie Mae prior to the Court deadline.

Third, upon completion of its processing of potentially privileged documents, Treasury advised the parties of its willingness to consider discretionary releases of documents withheld under the deliberative process privilege. Plaintiff identified approximately 100 such records and Fannie Mae identified about 500 records. In response, Treasury requested that Fannie Mae identify

only about 100 records for further review and Fannie Mae complied with this request.[3] Treasury expects to complete its review of the approximately 200 designated records within about 7-10 days and hopes to resolve any outstanding challenges by the parties thereafter. Treasury will also request that the Court enter an order that it does not waive any privilege by making discretionary releases. Treasury raised this issue at the September 30, 2013 status hearing and the parties did not object and agreed to propose language for an appropriate protective order.

Finally, undersigned counsel appreciates the Court's understanding of the challenges presented by the government shutdown, both in this case and the many other cases handled by the Civil Division.

---

[3] Although Treasury is willing to reprocess some documents designated by Fannie Mae, Treasury notes that the documents were set aside by Fannie Mae as potentially privileged in the first instance and a request to reprocess an amount far greater than the number designated by plaintiff is unduly burdensome. Nor is it helpful that a large number of the documents designated by Fannie Mae are duplicates because the time-consuming burden of identifying the duplicate documents ultimately falls on Treasury. Finally, it is not clear what basis Fannie Mae has now to challenge its initial designation of documents as potentially privileged.

Respectfully submitted,

RONALD C. MACHEN JR, DC Bar # 447889
United States Attorney for the District of
 Columbia

DANIEL F. VAN HORN, DC Bar # 924092
Chief, Civil Division


By: _____/s/_____
JOHN G. INTERRANTE, PA Bar # 61373
Assistant United States Attorney
Civil Division
555 4th Street, NW, Room E-4808
Washington, DC   20530
Tel:     202.252.2519
Fax:     202.252.2599
Email:   John.Interrante@usdoj.gov