**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **CAROLINE HERRON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 10-943 (RMC)** |
| | ) | |
| **FANNIE MAE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER ON ONE MILLIONTH DISCOVERY DISPUTE**

Caroline Herron sues Fannie Mae for the alleged illegal termination of her
position as a contractor because she complained about mismanagement and other improprieties.
The parties are inching towards the end of discovery, the time for which has been extended
repeatedly.  Most recently, this Court declared that all discovery will terminate at the end of
February.  The parties bring yet another discovery dispute before the Court and request a
telephone conference (the Court's preferred method of resolving discovery issues).

Much as the Court admires the advocacy of counsel, it is exhausted with these
disputes.  Contrary to its usual practice, the Court will rule immediately, in writing, based on
Plaintiff's letter dated January 30, 2015 (Letter) addressed to the Court and attachments and
Fannie Mae's letter dated February 2, 2015 addressed to the Court and attachments.  The Court
addresses the discovery disputes in turn:

1. Plaintiff complains about Fannie Mae's failure to produce documents and responses
   to her notice of a Rule 30(b)(6) deposition of Fannie Mae.  Plaintiff is now "seeking
   both documents and testimony from a Fannie Mae representative about . . . [t]he
   process by which bonuses were awarded . . . [and] [t]he criteria used by management

1

. . . showing how corporate goals regarding the MHA Program (including HAMP . . .)
were met." Letter at 2-3, ¶¶ 1-2.

    a.   After the parties' meet and confer, the Plaintiff reduced her demands to the
following: documents and testimony about the management presentation to
the Compensation Committee of the Fannie Mae Board of Directors; the
recommendations of the Compensation Committee to the Board on bonuses;
the actions taken by the Federal Housing Finance Administration (FHFA) and
Treasury with regard to the bonuses; and the size of the bonus pool or pools.

    b.   The Letter also demands testimony on the "criteria used by management to
support a scorecard showing how the corporate goals regarding the MHA
Program . . . were met . . . ." Letter at 3, ¶ 2. Plaintiff says she "specifically"
wants to know about the use of trial modifications and servicer enrollments to
meet corporate goals and boost bonuses. *Id.* She did not limit her topics
listed in the 30(b)(6) Notice of Deposition accordingly.

    c.   Even as narrowed by the parties, these deposition and document-request
topics are highly overbroad. Plaintiff worked as a contractor for Fannie Mae
(on the HAMP program) and wished to become embedded with Treasury
while retaining her contractor status. Instead, her contract was terminated.
Her allegations of wrongful termination from a single contractor position on a
single Program do not entitle her to the entirety of the confidential internal
presentations and deliberations on executive bonuses by the Board of
Directors for all of Fannie Mae's executive staff for two years. Nor is she
entitled to know the full criteria that supported "a scorecard" of management

success.  These topics could have, and should have, been laser focused.  They were not and will not be enforced.  This ruling covers everything under "1. The Process at Fannie Mae for Calculating Bonuses."  Letter at 1-3.

2.  Plaintiff seeks testimony from a 30(b)(6) witness on Fannie Mae "usual contracting policies, including its implementation during the period of 2009 through 2011." Letter at 3.  She will be limited to this description "for staffing augmentation" only. Plaintiff complains that Fannie Mae has restricted this topic to the period between June 2009 to April 2010.  The Court agrees that the relevant period extends through December 2011.  This ruling covers everything under "2. Contracting Policies and Procedures at Fannie Mae from 2009 through 2011."  Letter at 3-4.

3.  Plaintiff complains that Fannie Mae refuses to provide a 30(b)(6) witness on its policies and procedures governing contractors on the HAMP Program because Ms. Jardini has already provided such testimony, but nonetheless, Fannie Mae also refuses to designate Ms. Jardini as its 30(b)(6) deponent.  Fannie Mae says its objection is that Fannie Mae long ago provided Plaintiff with copies of all of its policies and she then had an opportunity to question Ms. Jardini about them.  Fannie Mae does not think Plaintiff should be able to examine the witness a second time, or a second witness, when she failed to cover the full gamut of topics she now identifies with Ms. Jardini.   Ms. Jardini will not be required to submit to a second deposition; she was the obvious candidate for the questions Plaintiff now wants to ask.  Instead, the Court orders Fannie Mae to designate Ms. Jardini as its 30(b)(6) witness *to the extent of her prior testimony*, as Plaintiff requests, or produce a different 30(b)(6) witness.  This

ruling covers everything under "3. <u>Policies and Procedures Governing Contractors and Employees at Fannie Mae Working on the MHA/HAMP Program</u>."  Letter at 4.

4.  Plaintiff complains that Fannie Mae has refused to produce a 30(b)(6) witness to testify to Fannie Mae's 2009 SEC Form 10K and its reported trial modifications. Plaintiff has already deposed Terry Edwards, Executive Vice President for Credit and Portfolio Management during the relevant period and current Chief Executive Officer, but Fannie Mae refuses to designate him as a 30(b)(6) witness.  It would be passing strange if Fannie Mae could escape the significance of the testimony of Mr. Edwards.  Mr. Edwards will not be required to submit to a second deposition; he was the obvious candidate for the questions Plaintiff now wants to ask.  The Court orders Fannie Mae to designate Mr. Edwards as its 30(b)(6) witness *to the extent of his prior testimony,* as Plaintiff requests, or produce a different 30(b)(6) witness.  This ruling covers everything under "4. <u>Fannie Mae's 2009 SEC Form 10K and reporting of trial modifications</u>."  Letter at 4.

5.  The Court trusts that the parties can amicably decide on a date for the 30(b)(6) deposition under ¶ 2.

    **SO ORDERED**.

Date:   February 2, 2015                          _____/s/_____
                                                  ROSEMARY M. COLLYER
                                                  United States District Judge