UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLINE HERRON, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Case No. 10-943-RMC <br> ) |
| FANNIE MAE, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

On March 8, 2016, the Court entered judgment in favor of Defendants in this case. *See* 3/8/2016 Opinion [Dkt. 163]; 3/8/2016 Order [Dkt. 164]. While Plaintiff's appeal of that judgment was pending, Defendant Federal National Mortgage Association (Fannie Mae) submitted a Bill of Costs to the Court. *See* Bill of Costs [Dkt. 166] (First Bill of Costs). In an April 19, 2016 Minute Order, the Court stated that "While the Court finds that the costs that Fannie Mae has requested are not 'excessive or unallowable' and that they are recoverable under Federal Rule 54(d)(1) of Civil Procedure and 28 U.S.C. § 1920, it hereby denies Defendants' Bill of Costs without prejudice pending resolution of the appeal."

On June 27, 2017, the United States Court of Appeals for the District of Columbia Circuit affirmed the Court's judgment, s*ee* Mandate [Dkt. 188]. Fannie Mae has accordingly refiled its Bill of Costs, *see* Notice and Refiling of Bill of Costs [Dkt. 185] (Refiled Bill of Costs), and Plaintiff Herron has renewed her earlier opposition. *See* Pl.'s Objections to Defs.' Bill of Costs [Dkt. 186] (Opp'n). In its April 19, 2016 Minute Order, the Court found that Fannie Mae's costs were recoverable, and the Court finds so here as well.

1

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) gives the Court discretion to award fees to a prevailing party that fall under certain enumerated categories found in 28 U.S.C. § 1920 (2012). *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Further, 28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case." That interest is assessed from the date of the original judgment of March 8, 2016. *See Georgia Ass'n of Retarded Citizens v. McDaniel*, 85 F.2d 794, 799 (1988). Interest accrues until the date of payment. 28 U.S.C. § 1961(b). "[T]he allowance, disallowance, or apportionment of costs is in the sound discretion of the district court." *Moore v. Nat'l Ass'n of Sec. Dealers, Inc.*, 762 F.2d 1093, 1107 (D.C. Cir. 1985). "Unsuccessful parties bear the burden of showing circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party." *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 96 (D.D.C. 2008) (citing *Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982)).

## II. ANALYSIS

The only difference between Fannie Mae's First Bill of Costs and Refiled Bill of Costs is that the Refiled Bill includes interest imputed from the day of judgment; the underlying costs have not changed. Similarly, Ms. Herron's renewed Opposition remains substantively similar to the Opposition she filed in response to Fannie Mae's First Bill of Costs.[1] Ms. Herron

---

[1] In her renewed Opposition, Ms. Herron dropped some arguments from her initial Opposition that are no longer relevant; for example, Ms. Herron originally argued—and the Court agreed— that Fannie Mae's First Bill of Costs was untimely, which is no longer an issue here.

objects to Fannie Mae's proposed costs associated with: (1) five deposition transcripts; (2) witness fees for three witnesses; and (3) the conversion of physical documents into TIFF files.[2]

### A. Deposition Transcripts

Ms. Herron contests Fannie Mae's request for transcript costs associated with five deposition witnesses whose testimony related only to damages. Opp'n at 4. She argues that because damages were not relevant to summary judgment, Fannie Mae should have waited to depose those witnesses and sought leave to re-open discovery in the event the Court denied summary judgment. *Id.*

However, a party need not use a deposition transcript in order to recover costs associated with its creation. The D.C. Circuit has suggested that costs are appropriate where a deposition transcript would be used "to prepare for the trial which would have ensued had the district judge not granted summary judgment." *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 n.49 (D.C. Cir. 1981). If a litigation proceeds long enough, damages will inevitably become relevant. There may be reasons to bifurcate discovery in particular circumstances, but the Federal Rules do not obligate a party either to proceed through discovery in fits and starts or to forgo costs to which it is otherwise entitled. Ms. Herron does not otherwise allege that the five witnesses were superfluous or irrelevant. Because it was reasonable to assume that the witnesses' testimony would likely have been necessary had the case proceeded past summary judgment, the Court concludes that Fannie Mae's request for costs is reasonable.

---

[2] Ms. Herron does not contest Fannie Mae's calculation of interest in its Refiled Bill of Costs, and, thus conceded, the Court concludes that calculation is reasonable. As of July 7, 2017, the interest amount totaled $376.56.

**B. Witness Fees**

Ms. Herron similarly objects to Fannie Mae's request for witness fees associated with three witnesses whose depositions were not used in the summary judgment briefing. Opp'n at 5. Again, the witnesses' testimony related only to damages. For the reasons articulated above, Fannie Mae acted reasonably in seeking discovery related to damages and is therefore entitled to fees associated with these three witnesses.

**C. Copies**

Finally, Ms. Herron asserts that Fannie Mae is not entitled to "copying" costs associated with creating electronic TIFF files. Ms. Herron asserts that the plain language of § 1920 and Local Rule 54.1(d) only allow for costs associated with the creation of physical copies. Opp'n at 5. In Ms. Herron's view, to do otherwise would "dispense with the 'ordinary meaning' of 'copies' in Section 1920(4) from its widely recognized 'making copies' *i.e.*, making photocopies, to the novel and extratextual costs relating to converting discovery materials documents to a TIFF format." *Id.* at 6.

While it does not appear that this Circuit has previously considered this question, the courts that have considered the issue have generally concluded that "copies" under § 1920(4) includes the creation of electronic copies such as TIFF files. *See, e.g.*, *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1329 (3d Cir. 2013); *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 260 (4th Cir. 2013); *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 69 (S.D.N.Y. 2015). Ms. Herron argues that the Court should instead look to the Supreme Court's reasoning in *Taniguchi v. Kan Pacific Saipan, Ltd.*, which held that the plain meaning of "interpreter" in § 1920 did not include document translation services. 566 U.S. 560, 573-75 (2012).

4

However, the Court agrees with *CBT Flint Partners*, *Country Vintner*, and *Balance Point*, all of which considered the issue of electronic copies after *Taniguchi* was decided. Fundamentally, if a litigant wants to provide another party—or the Court—with a document while simultaneously retaining that document for itself, it must first make a copy. Section 1920(4) allows that party to seek costs for the creation of that copy. The fact that the copy ultimately takes an electronic form instead of a physical one does not change the fact that a "copy" of the original document was made. The reasoning in *Taniguchi*, which dealt with the two conceptually similar but distinct concepts of "interpreting" and "translating," is inapposite here, where the plain meaning of "copy" would apply to both an electronic copy and a physical copy. Ms. Herron herself demonstrates the difficulty in treating the two as different when she states that the rules should not be expanded "to cover the costs of making TIFF copies." Opp'n at 5. The most natural formulation of what the TIFF file is, as Ms. Herron states, is a "copy" of the original document. Ms. Herron's argument that "making copies" should be understood to mean "making photocopies" perhaps proves too much, since photocopying technology, as opposed to other forms of duplication, was not widely commercially available when Congress first passed § 1920(4) in 1948. *See* 62 Stat. 955. In any event, Ms. Herron has not met her burden to show that Fannie Mae's request is unreasonable.

Ms. Herron further argues that the amount requested by Fannie Mae per copy, $0.05, is unreasonable. In support, she points to *Balance Point*, which found that $0.02 was a reasonable cost per page for TIFF conversion. 305 F.R.D. at 75. However, the Court cannot conclude, on that fact alone, that $0.05 is an unreasonable cost in this litigation. Schedule C of Fannie Mae's Revised Bill of Costs shows that Fannie Mae's third party vendor charged Fannie Mae $0.05 per page. Ms. Herron does not contest the validity of that invoice, nor provide any

evidence to suggest the vendor's charge was inappropriate. Different parties can receive different prices from different vendors for any number of reasons, such as repeat or bulk business. The Court therefore cannot conclude that Fannie Mae's costs for copies were unreasonably high.

## CONCLUSION

In light of the above, the Court finds that the costs requested by Fannie Mae in its Refiled Bill of Costs are reasonable. Therefore, it is hereby

**ORDERED** that costs in this matter are taxed in the amount of $42,779.55, plus accrued interest in an amount no less than $376.56, for a total of $43,156.11.


Date: February 22, 2018

/s/
ROSEMARY M. COLLYER
United States District Judge